Jack Schiff, a Minor, by Bernard Schiff, his Father and Next Friend, and Bernard Schiff, Appellants, v. Oak Park Cleaners and Dyers, Inc., and Charles J. Murphy, Appellees.

Gen. No. 46,685.

First District, Second Division.

December 6, 1955.

Released for publication March 6, 1956.

Arthur S. Gomberg, and Joe Reiff, both of Chicago, for appellants; Samuel Nineberg, of Chicago, of counsel.

McNamara, Voigt, Greene & Nordstrand, and Albert M. Howard, all of Chicago, for appellee, Charles J. Murphy; Oswell G. Treadway, of Chicago, of counsel; William H. Arpaia, of Chicago, for appellee, Oak Park Cleaners & Dyers, Inc.; William H. Arpaia, and Harry W. Altman, both of Chicago, of counsel.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

An action was brought by a minor and his father to recover damages arising out of an accident in which the minor plaintiff sustained personal injuries allegedly because of the negligence of the defendants in the operation of their respective vehicles. After the court

reserved ruling on motions made on the part of the defendants for directed verdicts at the close of all the testimony, the case was submitted to a jury, which disagreed and was discharged. The trial court then sustained the motions for directed verdicts and entered judgments for the defendants. The plaintiffs made a motion for a new trial, which was overruled. From these orders and judgments of the trial court this appeal is taken.

The occurrence complained of took place March 19, 1949 in the alley running east and west within the block bounded on the north by Washington street, on the west by Lombard avenue, on the south by Madison street, and on the east by Taylor avenue, in the Village of Oak Park, Illinois. The east and west alley cuts through the block from Lombard to Taylor. A second alley within the block extends south from Washington street to the east and west alley where it ends. A truck of the defendant Oak Park Cleaners and Dyers, Inc., was parked on the south side of the east and west alley.

The plaintiffs' evidence shows that Jack Schiff, eleven years of age, who will hereafter be referred to as plaintiff, was playing with some other children in the alley, and was running south in the north and south alley. When he reached the east and west alley he turned west. He looked east for westbound cars, made the turn and got into the westbound lane when he was hit by defendant Murphy's car. Defendant Charles J. Murphy, who was traveling east in the east and west alley, because of the position of the parked vehicle had to use the westbound lane, or the north half of the alley, rather than the eastbound lane. At the time of the impact both the plaintiff and Murphy's car were moving. The plaintiff did not see the car at any time before the impact. The accident occurred between 1:00 and 1:30 p. m. The truck had been parked in the same position from sometime between 11:30 and 12:00, and

5

at the time was not loading or unloading. As a result of the collision the plaintiff went up on the hood of the car, slipped off and hit his head on the concrete when he came down. Murphy's car was moving slowly at the time and stopped within a foot or two. At the time, Murphy, driving slowly, had seen another boy run in front of his car before the impact with the plaintiff. Murphy did not blow his horn.

The plaintiffs contend that they had proved a prima facie case and that the court was in error in sustaining the motions of the defendants.

The theory of the defendant Murphy on appeal is that the plaintiffs had failed to make out a prima facie case of negligence against him and that the plaintiff was not exercising due care as a matter of law. The defendant Oak Park Cleaners and Dyers, Inc. contends that no conduct on its part proximately caused or contributed to the plaintiff's injury; that the plaintiff was not within the class intended to be protected by the Oak Park ordinance; and that the plaintiff was not in the exercise of due care as a matter of law.

Here the court was really passing upon a motion to enter judgment notwithstanding the verdict under section 68 of the Civil Practice Act (Ill. Rev. Stat. chap. 110, par. 192 [Jones Ill. Stats. Ann. 104.068]). This is true in spite of the fact the terms used in the statute refer to a verdict and here there was no verdict. The rules which govern the court's action upon a motion for a directed verdict are controlling here. The motions are essentially the same. In Hughes v. Bandy, 404 Ill. 74, the court says:

"The question presented by a defendant's motion for a directed verdict in an action at law is whether there is any evidence fairly tending to prove the cause of action alleged or fact affirmed, and the court does not, on such motion, weigh the evidence or consider its preponderance. (Todd v. S. S. Kresge Co., 384 Ill. 524;

6

Blumb v. Getz, 366 Ill. 273; Peters v. Peters, 376 Ill. 237.) No contradictory evidence, or other evidence of any kind or character, will justify a directed verdict or a judgment for defendant notwithstanding the verdict, except uncontradicted evidence of facts consistent with every fact which the evidence for the plaintiff tends to prove, but showing affirmatively a complete defense. (Merlo v. Public Service Company of Northern Illinois, 381 Ill. 300; Nelson v. Stutz Chicago Factory Branch, Inc., 341 Ill. 387.) The party resisting such a motion is entitled to all the benefit of all the evidence favorable to him. (Tidholm v. Tidholm, 391 Ill. 19.) . . . Neither the trial court, nor a court of review, should weigh the evidence or determine where its preponderance lies. If the evidence adduced by plaintiff makes out a prima facie case sufficient in itself to go to the jury, defendant's motion should be denied even though, upon the entire record, the evidence may preponderate against the party opposing the motion, so that a verdict in his favor could not stand when tested by a motion for a new trial." [Citing cases.]

See also Geraghty v. Burr Oak Lanes, Inc., 5 Ill.2d 153.
■■ It is also well settled that the requirement that the plaintiff prove he was exercising ordinary care at the time of the occurrence means that he was acting as a man of ordinary prudence would under like circumstances, and that where the plaintiff is an infant he must exercise that degree of care that one of his age, intelligence, capacity and experience would exercise under the same or similar circumstances.

Both defendants contend that as a matter of law the plaintiff was not exercising due care. Our courts have been very loathe to take from the jury the question of the determination of the exercise or lack of exercise of due care. No precise rule of action can be laid down, but each case must be determined upon its own

7

facts. Stack v. East St. Louis & Suburban Ry. Co., 245 Ill. 308; Sims v. Chicago Transit Authority, 4 Ill.2d 60.

Defendant Murphy also contends that as a matter of law he was not guilty of negligence.

■■ On a motion for a directed verdict the test to determine whether a defendant was as a matter of law guilty of negligence which could have proximately caused the accident or whether the plaintiff was exercising due care is as to whether or not, from the facts in evidence, reasonable men in the exercise of sound judgment could differ in their conclusions. Shannon v. Nightingale, 321 Ill. 168; Stack v. East St. Louis & Suburban Ry. Co., supra; Sims v. Chicago Transit Authority, supra. The facts in evidence that the defendant Murphy was proceeding in a lane different than his own proper lane of travel; that he was passing a truck; that the impact occurred at the time the first half of his car had passed the truck; that prior to this he had seen a boy run before his car; that he was approaching an intersecting alley; that, while he was proceeding slowly, he did not blow his horn or give any notice of his approach; that the plaintiff was playing with other boys in the alley; that he was running through the alley; that he looked to the east for westbound cars and saw nothing; that he was then struck by the car driven by defendant Murphy are facts from which reasonable men might in the exercise of sound judgment draw conflicting inferences. The issues should have been submitted to and determined by a jury under proper instructions from the court.

■■ It is argued on behalf of defendant Murphy that in passing on his motion the trial court had a right to consider certain statements made in the plaintiff's deposition taken before the trial which he alleges are not in accord with some of the statements made by plaintiff at the trial. If the court had considered such statements, it would have necessitated a weighing of

the evidence, which is not permitted in passing on a motion for a directed verdict. Blumb v. Getz, 366 Ill. 273; Hughes v. Bandy, supra. We have carefully considered the cases cited in both defendants' briefs and do not consider them applicable to the facts and circumstances here before us.

The defendant Oak Park Cleaners and Dyers, Inc., hereafter referred to as "Cleaners," contends that as a matter of law it was not guilty of any negligence which either proximately caused or contributed to the plaintiff's injury. There was in full force and effect in the Village of Oak Park an ordinance which provided:

"It shall be unlawful for any driver to park a vehicle within an alley in such a manner or under such conditions as to leave available less than eight (8) feet of the width of the roadway for the free movement of vehicular traffic; but there shall be no parking in any alley for a time longer than is necessary to load or unload passengers or materials."

The evidence was that the truck was parked for a long period of time, in the neighborhood of two hours, and at the time it was not loading or unloading.

■ It is first contended that the plaintiff was not within the class or in the situation intended to be protected by the provisions of the ordinance, and that the ordinance was intended solely to prevent unreasonable delay in traffic. We cannot agree with such construction. It could properly be considered that the ordinance was not only for the purpose of speeding up vehicular traffic, but also for the purpose of preventing obstructions in the alleyway which might result in injuries to persons or damage to the property of other persons legitimately using the alley.

■ We agree with the contention of the Cleaners that even if a violation of an ordinance constitutes negligence, recovery cannot be had unless the negligence is the proximate cause of the injury. It is fur-

9

ther contended that the parking of the truck in violation of the ordinance merely furnished a condition, and where there was a subsequent independent intervening act of a third person, the existence of the condition is not the proximate cause of the injury. The rule with reference to proximate cause under such circumstances is laid down in Ney v. Yellow Cab Co., 2 Ill.2d 74, where the court said (pp. 78–79):

"The violation of the statute is prima facie evidence of negligence under the prevailing rule of this State. (Johnson v. Pendergast, 308 Ill. 255; Stewart v. United States, 186 Fed.2d 627.) This in itself creates no liability. The injury must have a direct and proximate connection with the violation of the statute before liability will be held to exist. It is the existence of this cause and effect relationship which makes the negligence of the defendant actionable.

"Where an independent agency intervenes, the solution of the problem becomes aggravated. The rules are without substantial contradiction and are universally applicable, but their practical application yields varying and contradictory results. In Neering v. Illinois Central Railroad Co., 383 Ill. 366, we stated: 'What constitutes proximate cause has been defined in numerous decisions, and there is practically no difference of opinion as to what the rule is. The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act.' In Johnston v. City of East Moline, 405 Ill. 460, we declared: 'An intervening and efficient cause is a new and independent force which breaks the causal connection between the original wrong and the injury and itself becomes the direct and immediate

10

cause of the injury. [Citations.] The intervention of independent concurrent or intervening forces will not break causal connection if the intervention of such force was, itself, probable or foreseeable. [Citations.]' "

██ ██ The question of proximate cause is ordinarily a question of fact and should be determined as other questions of fact, and the question as to whether or not the resulting injury here could have been reasonably foreseen by the agent of the defendant Cleaners is one of fact for the jury to determine under proper instructions from the court. It is not a question upon which all reasonable men would agree.

In Ney v. Yellow Cab Co., supra, the court says (p. 84):

"Questions of negligence, due care and proximate cause are ordinarily questions of fact for a jury to decide. The right of trial by jury is recognized in the Magna Charta, our Declaration of Independence and both our State and Federal constitutions. It is a fundamental right in our democratic judicial system. Questions which are composed of such qualities sufficient to cause reasonable men to arrive at different results should never be determined as matters of law. The debatable quality of issues such as negligence and proximate cause, the fact that fair-minded men might reach different conclusions, emphasize the appropriateness and necessity of leaving such questions to a fact-finding body. The jury is the tribunal under our legal system to decide that type of issue. To withdraw such questions from the jury is to usurp its functions. Bailey v. Central Vermont Railway Co., 319 U. S. 350."

See also Cloudman v. Beffa, 7 Ill.App.2d 276.

 In this case, with the motion for a directed verdict defendant Murphy filed an affidavit of a juror to the effect that the jurors, if they had the necessary forms of verdict before them, would have found de-

fendant Murphy not guilty and would have left undecided a verdict as to defendant Cleaners. The rule in Illinois is well settled that affidavits of jurors as to what transpired while considering their verdict will not be received for the purpose of impeaching such verdict and will only be received to substantiate the verdict when their conduct in the jury room has been otherwise attacked. Kelley v. Call, 324 Ill. App. 143; Loucks v. Pierce, 341 Ill. App. 253; Sanitary District of Chicago v. Cullerton, 147 Ill. 385. Here the affidavit was not submitted either for the purpose of attacking the verdict or supporting it since no verdict had been rendered. It was offered apparently for the purpose of showing that the jurors would not have disagreed if they had before them proper verdicts. The affidavit was totally irrelevant. The court promptly and properly disavowed it, and by such action cured the impropriety of filing it.

The judgments and orders of the Superior Court of Cook County appealed from are reversed and the cause remanded for a new trial.

Judgments and orders reversed and cause remanded for a new trial.

ROBSON and SCHWARTZ, JJ., concur.