E. V. GREGORICH et al., Appellants,

v.

Shirley JONES Appellee.

E. V. GREGORICH et al., Appellants,

v.

Mattie ISHAM et al., Appellees.

Court of Appeals of Kentucky.

Feb. 12, 1965.

Hamm, Taylor & Milby, Boyd F. Taylor, London, for appellants.

Cole & Cole, Charles G. Cole, Jr., Barbourville, R. L. Brown, Williamsburg, for appellee.

WILLIAMS, Judge.

Appellee Shirley Jones was the driver of a car which ran off a highway in Knox County causing injuries to appellees Mattie Isham and James Jones, as well as to others who were passengers in the car. The three appellees and the other passengers sued appellant Steve Gregorich, a minor who allegedly caused appellee Jones to leave the highway, and appellant E. V. Gregorich, the owner of the car driven by Steve Gregorich. From adverse judgments the Gregoriches have appealed.

The appeal against Shirley Jones is here as a matter of right (amount in controversy exceeds $2,500). The appeal against Mattie Isham and James S. Jones is here on a motion for appeal which was granted. Both appeals are now consolidated.

During the course of taking discovery depositions the appellees agreed to furnish information concerning insurance, medical expenses, and days lost from work. Some of the information regarding medical expenses and lost days was given on the discovery depositions. Substantially all of the remaining information was given on the day the case was set for trial. The appellee Shirley Jones had very little knowledge concerning the insurance, but it mattered little since appellants did not recover on their counterclaim.

▪ Although the appellants were entitled to the information withheld until the day of the trial, the refusal of a continuance cannot be said to be clearly erroneous in view of the information revealed by the depositions. There was no showing of prejudice to any substantial right of the appellants.

Secondly, reversible error is asserted because of misconduct of appellees' counsel and one of the jurors by injecting the Catholicism of the appellants into the case. On cross-examination, a witness for the appellants admitted she and the appellants attended the Catholic Church. A juror who did not sign the verdict swore that another juror said in the presence of the jury: "He (appellant E. V. Gregorich) is a Catholic and has plenty of money; he is also a 'rub doctor' and if you get a sore back he can take care of you." The juror accused of the statement categorically denied by counter-affidavit that any such statement was made. Affidavits of five other jurors supporting the accused juror were submitted.

▪ An appellate court could hardly take judicial notice that the mere mention of the Catholicism of a party is prejudicial before a jury in southeastern Kentucky. While such evidence is irrelevant and objectionable, it is not reversible error by itself. Nor does the affidavit of a juror sufficiently indicate reversible error where six fellow jurors contradict that affidavit. Moreover, the affidavit of a juror cannot be used to impeach the verdict of a jury; it can be used to support a verdict. Turner v. Hall's Adm'x, Ky., 252 S.W.2d 30 (1952).

Appellants' instructions were accepted without objection by the appellees and given by the court. Appellants now complain of the excessiveness of the awards to three appellees.

▪ Appellee Isham was awarded $2,434 for pain, suffering and loss of wages. The instructions authorized an award of $4,434. Appellee Isham suffered a fractured clavicle which required hospitalization for three days and immobilization of the clavicle by a surgical corset. No medical expenses

were proved for her. The instructions authorized recovery only for physical and mental suffering not to exceed $4,000 and for loss of wages not to exceed $434.

Awarded $6,500 by the jury, appellee Shirley Jones was authorized to receive $9,813 by the instructions. Her nose bone was fractured up to the eye orbit, her left knee was lacerated and her left elbow had a compound fracture. Her doctor testified that she would probably have some permanent disability from the fractured left elbow. The extension of her arm was limited 15 degrees. Her flexion was limited five degrees. One doctor testified that she could expect some permanent disfigurement from her injuries. Her medical and lost wage expenses were $712, according to appellant, and $813, according to appellee. Presumably, the rest of the $6,500 award was for physical and mental suffering and permanent disability.

■ James Jones was awarded $1,000 by the jury for a fractured thumb. The appellants "are not prepared to say that his award is grossly excessive."

In Herald v. Gross, Ky., 343 S.W.2d 831, this Court said, at page 834:

"* * * in the absence of a satisfactory showing of what, if any, future effects of the injuries are *reasonably probable* we must judge the verdicts only on pain and suffering * * *."

Furthermore, the court enunciated again the test for permanent injuries outlined in Ingram v. Galliher, Ky., 309 S.W.2d 763, 766 (1958):

"* * * Some injuries, such as the loss or injury of a member of the body, need little or no professional opinion to prove their permanency; but where the injuries are internal great reliance must be had upon that character of evidence. It is an established rule that to warrant a recovery for permanent injuries, the future effect of the injuries sustained must be shown with reasonable certainty. The evi-

dence must be positive and satisfactory, although it need not conclusively show the condition to be permanent. * * *"

■ The quality of the evidence is sufficient to show a reasonable probability of permanent injuries to Shirley Jones. The compensation for medical expenses and pain and suffering does not appear excessive as to Shirley Jones or Mattie Isham.

The judgments are affirmed.