**William Russell VANDERPOOL et al.,
Appellants,**

**v.**

**Neeley RAKES, Appellee.**

Court of Appeals of Kentucky.

Dec. 2, 1966.

Joe G. Davis, Wesley Gilmer, Jr., Danville, for appellants.

James F. Clay, Sr., Danville, for appellee.

CULLEN, Commissioner.

The appeal is from a judgment awarding the appellee $8,392.30 for personal injuries and property damages sustained in a collision between the appellee's automobile and the appellants' truck. The appellants' contentions are that the appellee should have been held contributorily negligent as a matter of law, and that the amount of $8,000 awarded by the jury for pain and suffering is excessive.

The collision occurred in a sharp curve, in late afternoon on a day in December, with part of the road being covered with snow. Each driver testified that the other was on the wrong side of the road. The truck driver said that the appellee slid into him, whereas the appellee said that the truck from the time he first saw it was partly across the center line.

The appellants argue that the appellee should have been held contributorily negligent as a matter of law because he failed to keep a proper lookout; that if the truck was across the center line the appellee should have seen it in time to take steps to avoid a collision. The argument is built around the testimony of the appellee that he did not see the truck until he was within some 40 feet of it, in the face of testimony of the county road engineer that each driver could have seen the other when 150 feet apart. (We note that the truck driver said he did not see the appellee's car until within 80 feet of it.)

■ The evidence was that each vehicle was traveling around 35 miles per hour; thus they were closing the distance between them at the rate of a little over 100 feet per second. This means that had the appellee seen the truck when 150 feet from it (as the appellants say he should have with a proper lookout), he would have had around 1½ seconds in which to become aware that the truck was committed to a wrong-side-of-the-road course and to take evasive action. We are not prepared to say that as a matter of law (a matter on which reasonable minds could not differ) the argued deficiency in the appellee's performance of his lookout duty was a substantial contributory factor in the accident. Cf. Dixie Ohio Express Co. v. Eagle Express Co., Ky., 346 S.W.2d 30.

It is argued that the award of $8,000 for pain and suffering is excessive because there was no proof of *permanent* injury. At the time of the trial, 13 months after the accident, the appellee was still wearing a back brace which his doctor had prescribed for him several months previously. The doctor testified that the appellee was unable at the time of the trial to do any sort of bending or strenuous work, and that it might be "six months to a year before we would allow him to attempt any strenuous physical exercise." The doctor said he could not say or predict with any degree of certainty whether there would be "permanent disability."

■ Without regard to future, long-term disability the evidence showed a minimum period of disability from the day of the accident of almost two years. This may be considered a sufficiently long period to show that the injuries are genuine and more than superficial, thus reasonably calculated to produce pain and suffering.

The appellee's doctor found that the appellee had compressions of four vertabrae, which condition was consistent with the history of the accident and compatible with the complaints of constant pain made by the appellee. The wearing of the brace and the limitation of bending movements naturally would be calculated to produce some pain. The appellee's complaints of continued discomfort at night and nausea from the pain were entitled to some weight.

■ It is our conclusion that the award of damages is supported by the evidence and is not so high as to indicate passion. Cf. Gregorich v. Jones, Ky., 386 S.W.2d 955; Ballard v. King, Ky., 373 S.W.2d 591; Hedges v. Neace, Ky., 307 S.W.2d 564.

The judgment is affirmed.