482 P.2d 63

**CITY OF ALBUQUERQUE, New Mexico, a municipal corporation, Plaintiff-Appellant,**

v.

**Margaret M. ACKERMAN, a single woman, Mary Louise Denison, a widow, and First National Bank in Albuquerque, Defendants-Appellees.**

**No. 9010.**

Supreme Court of New Mexico.

March 8, 1971.

362

Perry S. Key, Albuquerque, for plaintiff-appellant.

Modrall, Seymour, Sperling, Roehl & Harris; Leland S. Sedberry, Albuquerque, for defendants-appellees.

## OPINION

STEPHENSON, Justice.

In this condemnation proceeding filed by the City of Albuquerque (appellant), the District Court of Bernalillo County entered judgment on a jury verdict for $105,180.00 in favor of appellees. Following denial of appellant's motion for a new trial, this appeal was taken in which appellant advances a variety of grounds for reversal.

Appellant first mounts an attack on the sufficiency of the evidence. On appeal, all disputed facts are resolved in favor of the successful party, all reasonable inferences indulged in support of the verdict, all evidence and inferences to the contrary disregarded, and the evidence is viewed in the aspect most favorable to the verdict.

The tract taken in condemnation, owned by both appellees, was the site of sixteen apartment units. All of the structures and all of the land except for a long, triangular shaped strip at the rear was taken. Adjoining appellees' property to the rear was a parcel on which were situated eleven apartment units owned by the Appellee Denison only, none of which was taken. The apartments on both tracts were operated in conjunction with each other as a unit, having one manager and other aspects of commonality.

Appellant asserts that Appellee Denison was not qualified to express an opinion as to the value of the property taken, and that her testimony on this subject cannot be regarded as substantial evidence. An owner of real property is presumed to have special knowledge as to its value by reason of ownership and is therefore competent to testify to value. State ex rel. State Highway Comm. v. Chavez, 80 N.M. 394, 456 P.2d 868 (1969). New Mexico Uniform Jury Instructions, Inst. No. 7.13, having been given without objection, furnishes another complete answer to appellant's assertion.

It was appellees' theory that the value of the rear tract owned by Mrs. Denison was lessened (severance damages) in that unit costs of management and the like were increased by the severance. Appellant contends that since there was no unity of ownership between the condemned tract and the undisturbed tract adjoining it, it was error to admit evidence regarding severance damages to the latter. Appellant cites and discusses respectable authority tending to sustain its position.

Counsel for the appellees in his opening statement said that he would seek to prove severance damages. Appellee Denison, the first witness, explained the ownership of the two tracts and, during the appellees' case, there was testimony, both on direct and cross examination, on the subject of severance damage to the property owned by Mrs. Denison only, all without objection by appellant. In fact, appellant sought to show benefits to the rear tract during its case. Appellant did nothing to call the claimed error to the attention of the trial court thereby preserving it for review. Indeed, this theory was not even included in appellant's motion for a new trial following the entry of judgment. None but jurisdictional questions shall be first raised in the Supreme Court. Perry v. Staver, 81 N.M. 766, 473 P.2d 380 (Ct.

App. 1970); Barnett v. Cal M, Inc., 79 N. M. 553, 445 P.2d 974 (1968); N.M. Supreme Court Rule 20(1) [§ 21-2-1(20) (1), N.M.S.A., 1953].

█ Finally, so far as appellant's attack on the evidence is concerned, based upon an ingenious selection and juxtaposition of items of evidence, appellant argues that the largest award which could be sustained is $90,550.00. We disagree. Entirely apart from the testimony of Appellee Denison, there was substantial evidence of damage in excess of the amount actually awarded, introduced through appellees' expert, both on the replacement cost approach and the income approach.

Appellant's next three points involve claimed misconduct of a juror said to have taken notes during trial. Appellant claims that the taking of notes by a juror and the taking of the notes to the jury room constitutes reversible error.

█ The flaw in appellant's positon is its factual basis, which is primarily a sworn statement by one of the jurors on the subject of making notes, taking the notes to the jury room and the use made of them there. Affidavits of jurors tending to impeach or vitiate verdicts by showing misconduct on their part will not be received or admitted. Goldenberg v. Law, 17 N.M. 546, 131 P. 499 (1913). The Goldenberg ruling, supra, a case of first impression, set forth cogent, if not absolutely compelling reasons for its conclusions, and has been consistently followed. Scofield v. J. W. Jones Construction Company, 64 N. M. 319, 328 P.2d 389 (1958); Sena v. Sanders, 54 N.M. 83, 214 P.2d 226 (1950). "They [jurors] simply are not competent witnesses." State v. Embrey, 62 N.M. 107, 305 P.2d 723 (1957). See also Skeet v. Wilson, 76 N.M. 697, 417 P.2d 889 (1966) and other cases there cited. In view of the sheer volume of case law in New Mexico, all consistent in upholding the same simple, absolute rule, it is curious that counsel continue to come forward with affidavits of jurors impugning their verdicts. Here, the affidavit of the juror will not be received or considered for any purpose. It is as though the affidavit never existed. With the removal of this keystone, appellant's factual structure collapses.

Another affidavit indicates that a spectator saw a juror writing. There is an affidavit of counsel for appellant which is mainly hearsay (see State v. Analla, 34 N. M. 22, 276 P. 291 (1929) and an affidavit by a bailiff which, after extracting the hearsay, says there were pieces of paper with writing on them in the jury room after the trial. See Talley v. Greear, 34 N.M. 26, 275 P. 378 (1928).

█ Thus, the factual assertions of appellant on the subject of misconduct of the jury or of a juror which are properly before us, even considered on a basis of disregarding hearsay contained in the affidavits as distinguished from disregarding affidavits which contain hearsay in their entirety, fall short of constituting proof of misconduct and indeed, amount to evidence of nothing at all.

█ Appellant next asserts that the court erred in refusing, on its motion made after trial, to permit its counsel to examine the papers in the possession of the court and discovered in the jury room by the bailiff. Since there was nothing properly before the court indicating any misconduct on the part of the jury in arriving at its verdict, we see no abuse of discretion by the trial court in declining to permit inspection of the papers, whatever they may have been.

█ In conclusion, on the taking of notes by jurors, appellant claims error based upon the trial court's not having appropriately instructed the jury on this subject. It is true that the court did not, in compliance with Rule 51(1) (b) [§ 21-1-1(51) (1) (b), N.M.S.A., 1953] give the jury Uniform Jury Instruction 1.2. UJI 1.2, in pertinent part, would have told the jurors that they were not permitted to take notes during the trial. Appellant did not object or except to the trial court's omission, or otherwise bring it to the trial court's attention until its motion for new

trial filed after entry of judgment. Appellant asserts that Rule 51(1) (b) is a mandatory direction to the trial court to give appropriate portions of UJI 1.2 near the outset of the trial. This is obviously true, but to say that the direction is mandatory and to hold that failure to comply with it constitutes reversible error in a situation where no prejudice is shown or the complaining party did not reserve the omission for review, are two entirely different things.

Specifically in regard to failure to give a mandatory instruction contained in UJI, in Jewell v. Seidenberg, 82 N.M. 120, 477 P.2d 296 (1970), we held that omission to give UJI 17.1, which reads:

"Faithful performance by you of your duties is vital to the administration of justice."

absent any showing of prejudice, did not constitute reversible error. Here, as we have said, appellant has failed to demonstrate any prejudice.

■ Appellant asserts that the raising of the question in its motion for new trial was timely. We disagree. Generally speaking, errors in respect to instructions are to be invited to the attention of the court before retirement of the jury. Rule 51(1) (i) [§ 21–1–1(51) (1) (i), N.M.S.A., 1953]. The reasoning behind the rule is stated in Mitchell v. Allison, 54 N.M. 56, 213 P.2d 231 (1949). In that case, the court said:

"The orderly administration of law and the expeditious trial of cases require definite rules of procedure in appellate practice, and that they be enforced without favor. Unless the trial court's attention is called in some manner to the fact that it is committing error, and given an opportunity to correct it, cases will not be reversed because of errors which could and would have been corrected in the trial court, if they had been called to its attention. In the hurry of trial work such errors are common, and one who is not satisfied with a ruling of the trial court should call to its attention the fact

that it may be committing error, thus giving an opportunity to correct the ruling, if, in the light of the objection or exception, it should conclude that such ruling was error."

See also State v. James, 76 N.M. 376, 415 P.2d 350 (1966); New Mexico-Colorado Coal & Mining Co. v. Baker, 21 N.M. 531, 157 P. 167 (1916).

The raising of errors in respect to instructions for the first time by motion for new trial is not timely. It is not helpful to the trial court to invite such matters to its attention after the jury has concluded its work and departed the scene. New Mexico-Colorado Coal & Mining Co. v. Baker, supra.

■ We hold, in accordance with long settled practice in New Mexico, that error in failure to give incidental instructions, even from UJI, and even though mandatory, must be brought to the attention of the court in timely fashion if it is to be preserved as error, at least as to instructions which do not cover the fundamental law applicable to the facts in the case, thereby falling within the scope of Rule 51(1) (a) [§ 21–1–1(51) (1) (a), N.M.S.A., 1953]. Gerrard v. Harvey & Newman Drilling Company, 59 N.M. 262, 282 P.2d 1105 (1955).

Appellant next complains of the court's exclusion of testimony by its expert witness regarding general and special benefits to the remaining property as a result of the completion of the improvements in connection with which this condemnation occurred. The witness testified that there were general benefits to the entire neighborhood. An objection was made to the answer, which was sustained, but the answer was not stricken, nor the jury instructed to disregard it. He also testified that there were special benefits to "this property," but the court sustained an objection to a question calling for a specification of the type of special benefits that would occur without placing a monetary value on them. On cross examination he said there were no benefits he could

"prove." Appellant made a tender of proof through the witness regarding benefits. The witness testified that benefits would occur and described them, but placed no monetary value on them though requested to do so. The tender was refused.

 The testimony, as to the exclusion of which appellant complains, dealt in mere generalities. We are by no means persuaded that the trial court erred in excluding it. If error occurred, inasmuch as no monetary values were mentioned in the excluded testimony, it is difficult to see how appellant was prejudiced. Harmless error in the exclusion of evidence cannot be the basis for a new trial. Rule 61 [§ 21–1–1(61), N.M.S.A., 1953].

Finally, appellant complains of the trial court having given UJI 7.11 relative to comparable sales on the asserted ground that there was only hearsay evidence as to values and no substantive evidence to warrant such an instruction. The record fails to reveal an objection timely made to the giving of the instruction now said to be objectionable. Based upon the authorities we have cited, this point must be also determined adversely to appellant.

Appellant, two days after the trial, moved for leave to state into the record its objections to Instruction 7.11 of which it now complains, citing mistake, inadvertence and excusable neglect. The motion was denied, and appellant complains of this ruling. In an effort to excuse its failure to object prior to retirement of the jury as required by Rule 51(1) (i), or perhaps to minimize the seriousness of this omission, appellant seems to argue that its failure to timely object was, from a practical standpoint, without significance, since the trial judge would not have been present at the time of stating the objections in any case. The trial judge, at the time of denial of the motion, stated that it was his practice, if a timely request were made to dictate formal objections into the record, to always grant such requests.

We will not engage in idle speculation as to who would have been present at an evolution which never occurred, but we are certainly unwilling to assume that the trial judge would have been absent.

We have stated numerous times that the reason for requiring proper objections to erroneous instructions is to draw the court's attention to errors in time to correct them. Such is the purpose of Rule 51(1) (i). It is the policy of these principles to avoid error, concluding cases at the trial court level free from error. The time of stating objections to instructions is a vital stage of the trial, affording, as it does, the last opportunity for the trial court to correct errors. How, we ask, can these objectives be accomplished in the absence of the trial judge? Obviously they cannot. We know of no phase of the trial proceedings when the presence of the trial judge is more vital. He had might as well be absent during reception of evidence.

The case should be affirmed, and

It is so ordered.

TACKETT and McMANUS, JJ., concur.