484 P.2d 1405

Herman LEVINE, Administrator of the Estate of David Allen Levine, Deceased, Plaintiff-Appellant,

v.

GALLUP SAND AND GRAVEL COMPANY, Inc., a corporation, Robert Spencer and Tony Kozeliski, Defendants-Appellees.

No. 568.

Court of Appeals of New Mexico.

April 30, 1971.

Certiorari granted May 19, 1971.

Lorenzo A. Chavez, Melvin L. Robins, George Jones, III, Albuquerque, for appellant.

Denny, Glascock & McKim, Gallup, Joseph E. Roehl, Allen C. Dewey, Farrell L. Lines, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellees.

## OPINION

SPIESS, Chief Judge.

The principal issue presented by this appeal is whether, in a civil action, a poll of the jury may be demanded by a party as a matter of right, or whether the request for a jury poll is to be treated as discretionary.

The action was one seeking recovery of damages for wrongful death. Judgment on the verdict was rendered on May 28, 1970, for the defendant, and, in addition to the general verdict, the jury answered two special interrogatories favorable to defendant.

After the verdict and special interrogatories had been returned in court and read by the judge, appellant requested that the jury be polled, to which the court responded: "That's a discretionary matter. I decline to poll the jury."

Thereafter, judgment was entered upon the verdict and on June 15, 1970, notice of appeal was filed. On June 25th, 1970, a motion was filed by appellee requesting the court to reconvene the jury to the end that it could be polled. It appears that on July 1st, 1970, the jury was reconvened "for the purpose of polling the jury on Special Interrogatory No. One: Special Interrogatory No. Two and on the verdict of the jury."

Rule 48(b), § 21-1-1(48) (b), N. M.S.A.1953 (Rpl.Vol. 4) provides:

" * * * Either party may require the jury to be polled, which is done by the court or clerk, asking each juror if it is his verdict; if upon such inquiry or polling, more than two [2] of the jurors disagree thereto, the jury must be sent out again but if no such disagreement be expressed, the verdict is complete and the jury discharged from the case."

Except for the comment by the court in State v. Brooks, 59 N.M. 130, 279 P.2d 1048 (1955) this is a case of first impression in this state. There are a substantial number of cases in other jurisdictions which disclose a division of authority between the two theories advanced here. The majority view is that a poll of the jury may be demanded as a matter of right. See Annot. 71 A.L.R.2d at page 644, and cases therein cited.

Abbott's Civil Jury Trials, 907 (5th Ed., 1935), contains the following statement, in support of which a number of authorities are cited:

"Either party has an absolute right to have the jury polled on the rendering of their verdict, whether sealed or oral, at any time before it is recorded, unless the right has been expressly waived."

In James v. State, to Use of Dass, 55 Miss. 57, 30 Am.Rep. 496 (1877), the court said:

" * * * Examining the jury by the poll is the only recognized means of ascertaining whether they were unanimous in their decision, and the right to do this must exist. It is affirmed in criminal cases, and is equally applicable in civil cases. In no other way can the right of parties to the concurrence of the twelve jurors be so effectually secured as by entitling them to have each juror to answer the question, '*Is this your verdict?*' in the presence of the court and parties and counsel. By this means any juror who had been induced in the jury-room to yield assent to a verdict, against his conscientious convictions, may have opportunity to declare his dissent from the verdict as announced. Parties should have the means to protect themselves against the consequences of undue influences of any sort, which, employed in the privacy of the jury-room, may extort unwilling assent to a given result by some of the jury. Less evil is likely to result from upholding the right to have the jury examined by the poll than from denying it. The modern relaxation of the rules as to what irregularities of the jury will vitiate a verdict makes it more important to preserve the only allowable means of ascertaining if the verdict as announced is the unanimous decision of the jury."

This statement has, in substance, been referred to in a number of later cases. In view of the beneficial purpose served by a jury poll, together with the substantial judicial support accorded it as a right of parties to litigation, it should, in our opinion, be treated as a matter of right and we do so hold.

Appellee additionally contends that the request for a poll of the jury was not properly preserved because appellant failed to state his position to the trial court that the right should be treated as absolute and not discretionary. We disagree. In our view, appellant's demand was clearly sufficient to make known to the court the action which he desired the court to take, and it therefore, complied with Rule 46 of the Rules of Civil Procedure (§ 21-1-1(46), N.M.S.A.1953 (Repl.Vol. 4).

Appellee further contends that appellant's request for a jury poll was improper because it failed to specify whether the poll was being requested only as to the general verdict, or whether it was to include the answers to the special interrogatories.

In accordance with Rule 48(b), either party may require the jury to be polled. A juror can be asked only "if it is his verdict;"—"his verdict" as applied to special interrogatories coupled with a general verdict in a broad sense means to us the con-

clusion of the jury upon the issues submitted. The general words imply that the jury may be polled upon the entire verdict consisting of the general verdict and special interrogatories. See Wells v. Lone Star S.S. Co., 1 S.W.2d 925 (Tex.Civ.App. 1927); and Creighton v. Kiehl, 60 Ohio App. 86, 19 N.E.2d 653 (Ct.App.1938); Compare Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640 (1940).

We are of the further opinion that polling of the jury after it had been recalled which, as stated, occurred over a month following the rendition of the verdict and fifteen days after the notice of appeal had been filed, was not timely and did not cure the error.

The judgment of the trial court is reversed with directions to grant appellant a new trial.

It is so ordered.

HENDLEY, J., and DEE C. BLYTHE, District Judge, concur.