487 P.2d 131

**Herman LEVINE, Administrator of The Estate of David Allen Levine, Deceased, Plaintiff-Appellant, (Respondent),**

**v.**

**GALLUP SAND AND GRAVEL COMPANY, Inc., a corporation et al., Defendants-Appellees, (Petitioners).**

**No. 9265.**

Supreme Court of New Mexico.

June 28, 1971.

Rehearing Denied July 12, 1971.

Denny, Glascock & McKim, Gallup, Modrall, Sperling, Roehl, Harris & Sisk, Joseph E. Roehl, Allen C. Dewey, Farrell L. Lines, Albuquerque, for petitioners.

Lorenzo A. Chavez, Melvin L. Robins, George Jones, III, Albuquerque, for respondent.

## OPINION

OMAN, Justice.

The New Mexico Court of Appeals reversed the judgment of the trial court with directions to grant plaintiff a new trial. Levine v. Gallup Sand and Gravel Company, Inc., et al, 484 P.2d 1405 (1971). The case is now before us on a writ of certiorari. We reverse the decision of the Court of Appeals.

Our disagreement with the Court of Appeals lies in the fact that we believe the principal and ultimate issue presented is whether the refusal of the trial court to poll the jury upon request constituted reversible error. We agree with the Court of Appeals that in a civil case the parties are entitled as a matter of right to have the jury polled upon making a proper request therefor; that plaintiff made a proper request; and that the error committed by the refusal of the request was not cured by the subsequent polling of the jury.

However, all error is not reversible. City of Albuquerque v. Ackerman, 82 N.M. 360, 482 P.2d 63 (1971); Jewell v. Seidenberg, 82 N.M. 120, 477 P.2d 296 (1970); Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965); Supreme Court Rule 17(10) [§ 21–2–1(17) (10), N.M.S.A.1953 (Repl. Vol. 4, 1970)]. See also Rule 61, Rules of Civil Procedure [§ 21–1–1(61), N.M.S.A.1953 (Repl-Vol. 4, 1970)]. In our opinion the mere failure of the trial court to poll the jury upon request does not evidence, or even suggest, prejudice to a substantial right of the requesting party.

We do not wish to be misunderstood as suggesting the right to have the jury polled is discretionary with the trial court, or that the trial court may properly consider whether prejudice will or will not result if the jury is not polled. As already stated, it is the duty of the trial court to poll the jury upon proper request. Our opinion is, however, that the mere failure to poll the jury upon proper request does not in itself constitute reversible error. Upon appeal from a refusal by the trial court of a proper request to poll a jury, we would apply the following standard adopted in Jewell v. Seidenberg, supra, in determining whether reversible error has been committed: " * * * [W]e will accept the slightest evidence of prejudice, and all doubt will be resolved in favor of the party claiming prejudice. * * *"

In the present case there is not the slightest evidence of prejudice to plaintiff by reason of the refusal of his request to have the jury polled. In fact he makes no claim that such evidence exists. He seeks reversal solely upon the error of the trial court in denying his request. We have already ruled this is not reversible error.

The only matters in the record before us, which bear upon the validity of the jury verdict, and particularly upon the fact that the required number of jurors concurred therein, are the consistency between the verdict and the answers to the special interrogatories, the subsequent polling of the jury by the trial court referred to in the opinion of the Court of Appeals, and affidavits secured from six of the jurors and filed by defendants pursuant to authority granted by the trial court. These matters clearly show the verdict to be proper and to represent a concurrence of the required number of the jurors. We are not suggesting the subsequent polling of the jury or the filing of the affidavits cured the error of the trial court, but they

do demonstrate that no prejudice resulted to plaintiff by the error.

In order to avoid any possible misinterpretation of our reference to the affidavits which relate to the verdict, we have not departed from the rule that jurors should not be permitted to impeach their verdict by affidavits made after their discharge. Skeet v. Wilson, 76 N.M. 697, 417 P.2d 889 (1966). The affidavits here in question were offered as support for rather than impeachment of the verdict.

We need not rule on the propriety of permitting jurors to affirm or substantiate their verdict by their affidavits, since there is a complete absence in the record in this case of anything to show irregularity in the verdict or prejudice to plaintiff. Thus, there is no need for evidence affirming or substantiating the verdict. The validity and regularity of a verdict are presumed. See Morris v. Merchant, 77 N.M. 411, 423 P.2d 606 (1967); Ellis v. Parmer, 76 N.M. 626, 417 P.2d 436 (1966). We note, however, that a number of jurisdictions permit jurors to affirm or substantiate their verdict by their affidavits or testimony, if an attack is made thereon, although they may not impeach their verdict. Chrum v. St. Louis Public Service Co., 242 S.W.2d 54 (Mo.1951); Ford Motor Credit Co. v. Amodt, 29 Wis.2d 441, 139 N.W.2d 6 (1966); Schiff v. Oak Park Cleaners and Dyers, 9 Ill.App.2d 1, 132 N.E.2d 416 (1955); Gregorich v. Jones, 386 S.W.2d 955 (Ky.Ct.App.1965). We also note that in at least one jurisdiction jurors are properly subject to interrogation by the court under certain circumstances to determine if an irregularity has occurred. See Ford Motor Credit Co. v. Amodt, supra.

The decision of the Court of Appeals must be reversed and this cause remanded to that court with instructions to affirm the judgment of the trial court.

It is so ordered.

COMPTON, C. J., and TACKETT, McMANUS, and STEPHENSON, JJ., concur.