738 P.2d 932

**Eugene LAMKIN, Plaintiff-Appellee,**

v.

**Roland J. GARCIA and Tillie Garcia, Defendants-Appellants.**

**No. 8698.**

Court of Appeals of New Mexico.

May 21, 1987.

Certiorari Denied June 17, 1987.

James E. Thomson, Santa Fe, for plaintiff-appellee.

R. Stephen Herrera, Santa Fe, for defendants-appellants.

**OPINION**

APODACA, Judge.

A motion for rehearing was filed by appellant Tillie Garcia (claimant) subsequent to the filing of our Memorandum Opinion in this cause. We granted the motion without requiring additional briefs. After giving consideration to claimant's contentions, we withdraw the original opinion and substitute this opinion in its place.

Claimant appeals from a judgment entered in her favor, after a jury had returned a verdict for claimant, assessing damages against appellee Eugene Lamkin (Lamkin) in the sum of $25,000. The original proceeding in the trial court was initiated by Lamkin, who filed a petition for declaratory relief alleging a dispute between the parties involving comparative negligence. Claimant filed an answer and counterclaim, alleging Lamkin was negligent in the operation of his motor vehicle (in following too close and failing to keep a proper lookout), and that said negligence caused a collision with a vehicle in which claimant was a passenger. Lamkin denied the negligence and, as a defense, claimed affirmatively that an unidentified vehicle driven by an unknown driver made a sudden and illegal lane change immediately in front of Lamkin's vehicle, contributing to the injuries sustained by claimant. Claimant's vehicle, driven by claimant's son, was properly stopped on the inside lane of a heavily-travelled roadway, preparing to make a left-hand turn when the collision occurred.

Claimant raises two issues on appeal:

(1) Whether there was sufficient evidence of the alleged negligence of the unknown driver to warrant submission to the jury of an instruction on comparative negligence. SCRA 1986, UJI 13–2219.

(2) Whether there was sufficient evidence to justify or excuse violations of a state statute and municipal ordinances by Lamkin to warrant submission to the jury of an instruction on excuse and justification. SCRA 1986, UJI 13–1503 & –1504.

For the reasons noted below, we affirm the trial court's judgment.

## Comparative Negligence

■ In considering the first issue, it is necessary to address a preliminary matter argued by both parties in their briefs. No special interrogatories regarding the actual percentage apportionment of comparative negligence were submitted to the jury. An affidavit of the jury foreperson, obtained by claimant after the jury reached its verdict, indicated the jury had found total damages of $156,000, but in complying with the comparative negligence instruction, the jury also found the unknown driver of the unidentified vehicle 84% responsible and Lamkin only 16% responsible. The jury proceeded to make the computations under the instruction and assessed $25,000 (approximately 16% of $156,000) in damages against Lamkin.

Consequently, a question arises whether the jury's affidavit can be considered on appeal. The law is well-established in New Mexico that jurors are not permitted to impeach their verdict by affidavit after discharge. *State v. Castrillo,* 90 N.M. 608, 566 P.2d 1146 (1977); *Biebelle v. Norero,* 85 N.M. 182, 510 P.2d 506 (1973); *City of Albuquerque v. Ackerman,* 82 N.M. 360, 482 P.2d 63 (1971). *See* SCRA 1986, 11–606. *Cf. State v. Melton,* 102 N.M. 120, 692 P.2d 45 (Ct.App.1984). The public policy behind this well-established principle is discussed in *Goldenberg v. Law,* 17 N.M. 546, 131 P. 499 (1913), and in other cases too numerous to mention. Most, if not all, of the cases dealing with the subject involve affidavits alleging some kind of jury misconduct; that is, that the jury violated some court instruction or otherwise committed an act prejudicing the complaining party. Such is not the case here, where the affidavit simply confirmed the jury had apportioned comparative negligence, as it had been instructed to do if appropriate.

Claimant argues that although a juror's affidavit cannot be used to impeach the verdict, it can nevertheless be used to explain it, citing *Levine v. Gallup Sand & Gravel Co.,* 82 N.M. 703, 487 P.2d 131 (1971). *Levine* did not hold what claimant proposes. Instead, it only acknowledged in dicta that other jurisdictions permitted jurors to affirm or substantiate their verdict by affidavit, not to explain it as claimant asserts. Moreover, since *Levine,* our supreme court has adopted the Rules of Evidence, which preclude the use of jurors' affidavits as proposed here. *See* SCRA 1986, 11–606(B). Even if the affidavit could be considered, we fail to see how that helps claimant here, for the jury foreperson's affidavit supports the verdict—the affidavit shows that the comparative negligence and apportionment instructions were followed.

It matters not that the affidavit indicated an apportionment with which claimant, this court or anyone else for that matter, disagrees, as long as the apportionment is supported by the evidence. "The appellate court will not second guess the fact finder on his apportionment if it is supported by substantial evidence." *Marcus v. Cortese,* 98 N.M. 414, 416, 649 P.2d 482, 484 (Ct. App.1982). Whether or not this support exists will be discussed below.

Having disposed of this preliminary question, we proceed to a discussion of the first issue's merits.

■ In *Bartlett v. New Mexico Welding Supply, Inc.,* 98 N.M. 152, 646 P.2d 579 (Ct.App.1982), this court held it was proper, in an appropriate case, to instruct a jury in a comparative negligence case to consider the negligence (and damages resulting from this negligence) of an unknown driver. Our holding in *Bartlett* was reaffirmed in *Wilson v. Galt,* 100 N.M. 227, 668 P.2d 1104 (Ct.App.1983), which made it abundantly clear that the negligence of an absent tort-feasor can be considered in apportioning fault. *Wilson* also held that under a pure comparative negligence system, as we have in New Mexico, when more than one tort-feasor is involved, an injured person bears the risk of not recovering from a liable tort-feasor who does not pay, for whatever reason.

Claimant's first issue raises the key question on appeal whether there was substantial evidence to support the jury's verdict, with respect to its apportionment of fault to the unknown driver. The courts in New Mexico have time and time again

enunciated the rules used on appeal to determine if a finding is supported by substantial evidence. We need not outline those rules here, but instead, refer the parties to *Toltec International, Inc. v. Village of Ruidoso*, 95 N.M. 82, 619 P.2d 186 (1980), where the rules are clearly spelled out.

After reviewing the evidence in light of these applicable rules, we hold that there was substantial evidence to support the verdict of the jury.

A review of the record reflects that Lamkin's testimony, which stood virtually unimpeached and unrebutted, was as follows: the unknown driver of the unidentified truck was driving in front of Lamkin's vehicle and behind the automobile occupied by claimant; Lamkin's vision of claimant's vehicle was obscured by the size of the unidentified truck; Lamkin was not going very fast since he had barely accelerated moments before at the traffic light; Lamkin would have been able to stop and avoid the collision but for the sudden swerving and lane change by the unknown driver made without signaling. Lamkin's attention was momentarily distracted because he anticipated a collision between the truck and a vehicle to the right. Unfortunately for claimant, neither she nor her son were able to observe what events transpired behind them immediately prior to the collision, because they were generally facing forward. No other witnesses to the accident were found. The parties' experts gave testimony concerning the effect of the unknown driver's sudden swerving and lane change, not only on Lamkin's visibility, but on his reaction time and other factors regarding his ability to stop in time to avoid the collision. The above evidence, together with all reasonable inferences to be drawn from it, was sufficient to submit the issue of comparative negligence to the jury.

Claimant relies on *Bowman v. Incorporated County of Los Alamos*, 102 N.M. 660, 699 P.2d 133 (Ct.App.1985), urging that there, this court did not hesitate reversing an apportionment of fault not supported by the evidence. However, even claimant's discussion of *Bowman* in her brief in chief demonstrates clearly that it is distinguishable. In *Bowman*, this court concluded that there was no evidence whatsoever demonstrating a third person had removed a certain grate that had caused plaintiff's injuries. Under those facts, this court concluded the record provided only conjecture as to the cause of the grate removal.

Such is not the case here, for the evidence was undisputed that a third party, although unknown, did exist. We need not repeat the testimony presented in the trial court. Instead, we note that the record is replete with facts enabling the jury, in weighing the evidence, to conclude that the third driver was, to some extent, responsible for claimant's damages. We are not here dealing with speculation or conjecture as we found in *Bowman*.

In light of the evidence discussed, we conclude that: (1) the evidence was sufficient to warrant the trial court instructing the jury on the issue of comparative negligence; and (2) there was substantial evidence to support the jury's apportionment of fault and damages as well as the resulting verdict.

**Excuse and Justification**

Under Instruction No. 24, UJI 13– 1503 & –1504, the trial court properly instructed the jury in connection with the existence of certain ordinances in force in New Mexico at the time of the accident. Having done so, the trial court then concluded the instruction with the following language:

If you find from the evidence that [Lamkin] acted in violation of any one of these ordinances, then you are instructed that such conduct constituted negligence as a matter of law, unless you further find that such violation was excusable or justified.

To legally justify or excuse a violation of a stature [sic], the violator must sustain the burden of showing that he did that which might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.

Claimant strongly argues that the trial court erred in giving the above instruction. We disagree.

▮▮▮ As noted previously, Lamkin testified that he would have been able to stop and avoid the collision but for the sudden swerving and lane change by the unknown driver made without signaling. This evidence clearly warranted submission to the jury of the foregoing instruction. A party is entitled to an instruction on the theory of his case if supported by the evidence. *Whitfield Tank Lines, Inc. v. Navajo Freight Lines, Inc.*, 90 N.M. 454, 564 P.2d 1336 (Ct.App.1977). It is reversible error not to instruct a jury on a legal theory that is supported by the evidence. *Romero v. Melbourne*, 90 N.M. 169, 561 P.2d 31 (Ct. App.1977). Under the facts of this case, Lamkin was entitled to the instruction. We hold that the trial court did not err in submitting the excuse and justification portion of the instruction to the jury.

In an attempt to establish that it was error to give the instruction with the excuse and justification language, claimant next contends in her brief in chief that:

> Obviously, the jury was misled into believing that in apportioning fault [it] could excuse or justify all or *part* of Lamkin's negligence. The jury should have been instructed that if [it] found Lamkin violated the law, which [it] did, that such violation was negligence per se and could not, under the facts of this case be excused or justified, in whole or in *part*. [Emphasis added.]

Claimant claims the jury used the excuse and justification instruction *in conjunction with* the comparative negligence instruction, to justify and apportion an 84% liability to the unknown driver. Although we held above that the facts justified giving the instruction, nevertheless, we address this portion of claimant's argument only to show, alternatively, that the jury, in finding Lamkin partially at fault, was not misled but properly followed the trial court's instructions.

In advancing this argument, claimant is over-reaching in an attempt to explain the inner-workings of a jury's collective mind in its deliberations. In our judicial structure, in order to protect the integrity of our legal system, a jury is permitted a wide latitude in reaching its verdict. Much has been written of the "goings-on" in the jury room. We need not know with preciseness exactly how or why a particular jury reached a certain verdict or made certain findings, as long as it did not stray from the general framework of its instructions. Within the parameters of these instructions, it matters not which path is taken by a jury to reach those results or findings, if ultimately they are supported by substantial evidence. What we said above with respect to the first issue is equally applicable here—this court will not second guess the fact finder. *Marcus v. Cortese.*

In summary, unless there is evidence to the contrary, we must assume the jury properly followed the above-noted portion of Instruction No. 24. *See Armstrong v. Industrial Elec. & Equip. Serv.*, 97 N.M. 272, 639 P.2d 81 (Ct.App.1981). Since the jury found Lamkin negligent, we must conclude that implicit in this finding is a subfinding that Lamkin did not sustain his burden of showing "he did that which might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." UJI 13-1503 & -1504. To state it differently, the jury must have necessarily concluded that Lamkin's violation of the law was neither excused nor justified, for how else could it have found him negligent.

Under Instruction No. 4, SCRA 1986, UJI 13-2002, the trial court instructed the jury as follows: "The law of this case is contained in these instructions and it is your duty to follow them. You must consider these instructions as a whole, not picking out one instruction, or parts thereof, and disregarding others." There is nothing in the record to indicate the jury failed to follow this instruction or any other instruction given to it by the trial court. In the absence of proof to the contrary, jurors will be presumed to have considered instructions as a whole. *Armstrong v. Industrial Elec. & Equip. Serv.*

We conclude that because Lamkin was entitled to an instruction on the theory of his defense, which was supported by substantial evidence, the trial court did not commit reversible error in submitting the questioned instruction to the jury.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

BIVINS and FRUMAN, JJ., concur.