John Leon PRICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 264–94.

Court of Criminal Appeals of Texas, En Banc.

Nov. 30, 1994.

David L. Richards, David Chapman, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Betty Marshall, Charles M. Mallin and Edward L. Wilkinson, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

Appellant was convicted by a jury of the offense of capital murder pursuant to Tex.Penal Code Ann. § 19.03(a)(2). The State did not seek the death penalty and the trial judge sentenced appellant to life imprisonment. Tex.Code Crim.Proc.Ann. art. 37.071(1). The Court of Appeals affirmed. *Price v. State,* 870 S.W.2d 205 (Tex.App.— Fort Worth 1994). We granted appellant's petition for discretionary review to decide whether the Court of Appeals erred in approving the practice of juror note-taking and the use of those notes during deliberations.[1] We will affirm.

## I.

### THE TRIAL COURT

At the time the jury was impaneled the trial judge instructed the jury:

At this point, I'm going to ask the bailiff to pass out notebooks. I provide notebooks to the jurors because I believe that it helps you sometimes to follow the testimony if you're able to record certain bits and pieces of evidence that you think might be important. If you think the notebooks will help you, then use them. If you use notebooks, please keep them either here in the courtroom or back in the jury room. If you leave them in the jury room, we'll lock it up and make sure they're secure, so please don't take them to the cafeteria or home.

Keep in mind that anything you put in these notebooks may later be made a part of the record in this case and that we will be collecting the notebooks after the trial is over. And also remember this: The notebooks are simply a memory aid for you personally. They do not ever reach the level of evidence in the case, so you cannot go back to the jury room and talk to the other jurors and say well, I know this is evidence because I have written on page six of my notes and proceed to dictate to everyone else in the room what the evidence is in the case. Understand that they're for your personal assistance, but they never will be evidence in the case. The evidence is what you hear in the testimony or what comes to you in the form of documents or physical exhibits admitted by the Court.

If you don't want to use the notebooks, you don't have to. Sometimes taking notes actually impedes one's ability to follow the testimony. If that's the case with you, simply put the notebooks aside and do not use them at all.

Appellant objected to the trial judge's instruction, contending the practice would distract the jurors and violate appellant's right to confront and cross-examine witnesses under the Texas and United States Constitutions. Appellant further contended the factual and legal issues involved were not complex and the trial's duration was expected to be short. Finally, appellant contended the jurors should not be permitted to use their notes during deliberations. The trial judge overruled the objections.

In the charge on guilt/innocence the trial judge instructed the jury:

You have been provided with notebooks and permitted to take notes during the testimony. You are instructed that these notes are to assist you in recalling the testimony. However, these notes are not

---

1. We also granted appellant's remaining ground for review. However, after careful review of the record, briefs and opinion of the Court of Appeals, we now believe our decision to grant that ground for review was improvident. Accordingly, appellant's first ground for review is dismissed.

evidence and should not be used as such. If your memory or recollection of the evidence differs from the notes of a juror, you should rely on your memory. If the jury disagrees as to the testimony of any witness, they may, upon application to the Court, have read to them from the Court Reporter's notes that part of a witness' testimony on the particular part in dispute and no other.

The jurors notes are part of the record before us.

## II.

## THE COURT OF APPEALS

Relying on its opinion in *Hubbard v. State*, 809 S.W.2d 316 (Tex.App.—Ft. Worth 1991), the Court of Appeals approved the practice of juror note-taking. The Court stated that appellant held a burden to "see that a sufficient record is presented to show error requiring reversal." *Price*, 870 S.W.2d at 207. The Court held:

> ... We know of no Texas court that found reversible error in simply allowing jurors to take notes during the trial. Nowhere in the record is there any showing that the jurors actually used their notebooks during deliberations. As we stated in *Hubbard*, it is incumbent upon appellant to do this to show harm.

*Id.*

## III.

## HISTORICAL ANALYSIS

Historically, jurors have been prohibited from taking notes. The case most often cited for the prohibition is *Cheek v. State*, 35 Ind. 492 (1871). In *Cheek*, the trial judge discovered two jurors taking notes and admonished the jurors to cease, however, the jurors persisted. The Indiana Supreme Court held:

> ... This disobedience of the order of the court was a gross violation of, and contempt for, the authority of the court, and was misconduct for which the jurors might

have been severely punished, and of itself would entitle the defendant to a new trial. It was well calculated to divert the attention of the jurors while they were busy, pencil in hand, from the evidence, as it would naturally be progressing while such notes were being made. The juror is to register the evidence, as it is given, on the tablets of his memory, and not otherwise. The jury should not be allowed to take the evidence with them to their room, except in their memory. It can make no difference whether the notes are written by a juror or by someone else. Jurors would be too apt to rely on what might be imperfectly written, and thus make the case turn on a part only of the facts.

*Id.*, 35 Ind. at 494–495.

In certain states, juror note-taking was statutorily prohibited. Several of the reasons for the prohibition were stated by the Louisiana Supreme Court in *State v. Ledet*, 298 So.2d 761 (La.1974):

> (1) Since all jurors do not possess the same note-taking abilities, the skilled note-taker will have a marked advantage in influencing other jurors;
>
> (2) The process of note-taking diverts attention;
>
> (3) During deliberation, too much weight may be given notes;
>
> (4) Conflicts of memory may be settled by inaccurate notes;
>
> (5) Unimportant evidence may be emphasized;
>
> (6) Evidence as to which notes are taken may be given greater attention than equally important evidence as to which notes are not taken.

*Id.*, 298 So.2d at 764–765 n. 6.

Today, many jurisdictions now reject the historical view. In *State v. Jumpp*, 261 N.J.Super. 514, 619 A.2d 602 (A.D.1993), the Court noted a general trend of approval of juror note-taking. The Court stated:

> ... In light of the general approval of juror note-taking in other jurisdictions, an

arbitrary distinction should not be drawn to bar jurors in criminal cases in this State from availing themselves of the same generally accepted practice.

*Id.*, 619 A.2d at 608. However, the Court cautioned against "authorizing the practice in every criminal case as a matter of routine," *Id.*, holding the trial judge should determine whether allowing the jury to take notes would be beneficial in light of the factual and legal issues to be presented at the trial. *Id.*, 619 A.2d at 609.

In *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992), the trial judge announced he would allow the jury to take notes during trial and allowed the defendant to conduct voir dire on the ability of the veniremembers to read, write or take notes. *Id.*, 421 S.E.2d at 518. The trial judge instructed the jury that it would be allowed to take notes and admonished the jury on the proper use of the notes.[2] The West Virginia Supreme Court noted the "majority of both state and federal jurisdictions have found that it is proper to permit jurors to take notes during trial." *Id.*, 421 S.E.2d at 519. Further, despite the risks inherent in allowing jurors to take notes, the Court recognized there were benefits as well:

The obvious and strongest argument in favor of allowing note-taking is that, when done properly, *it is a valuable method of refreshing memory.* In addition, note-taking may help *focus jurors' concentration on the proceedings* and help prevent their attention from wandering.

*Id.* (quoting *United States v. MacLean*, 578 F.2d 64, 66 (3rd Cir.1978)) (emphasis added). The Court concluded:

... [I]t is a permissible practice to allow jurors to take notes in the evidence during trial as long as proper voir dire is permitted concerning the juror's capacity to take notes, and a cautionary instruction is given concerning the proper and improper uses of note-taking. The ultimate decision on whether to allow note-taking by the jury lies within the sound discretion of the trial court.

*Triplett*, 421 S.E.2d at 520. *See also, People v. DiLuca*, 85 A.D.2d 439, 448 N.Y.S.2d 730, 734–735 (1982) (note-taking is within the discretion of the trial judge but an abuse of that discretion occurs when no precautionary instructions are given).

Today, the vast majority of states and most of the federal circuits hold that jurors may take notes subject to the trial judge's discretion.[3] Idaho, Minnesota, Nevada, and North Dakota have statutes which specifically allow jurors to take notes at the trial

---

2. The trial judge instructed:

As has been mentioned, you are permitted to take notes during the trial. You are not required to take notes but you are permitted to take notes if you choose to do so. Please remember that the notes that you take are to be an aid in your memory but not a substitute for it. Therefore, do not try to write down every word that is said. Listen to the witnesses and watch them and remember their testimony. You may take notes if you choose to in order to help your memory but it is your memory upon which you should rely in recalling the testimony. If you choose to take notes your notes must be your own. Do not look at another juror's notes and do not share, [or] show your notes to another juror. I mentioned earlier that you must not discuss the case among yourselves until you begin to deliberate at the end of the trial, but by the same token if you begin to compare notes before the end of trial then that's a form of deliberation. So, for the same reason, you must not look at each other's notes or compare notes during the trial. So, if you miss something that you were

trying to write down you can't look at your neighbor and say "what was that?" Don't do that. It's from your notes and your notes only.

\* \* \* \* \* \*

Take notes only of the evidence. You will not be permitted to take notes of the opening statements or closing summation or Court's instructions. And remember this is optional for you; you can just choose not to altogether if you don't want to.

*State v. Triplett*, 421 S.E.2d at 518–519.

3. *See e.g., U.S. v. Bertolotti*, 529 F.2d 149, 159–160 (2nd Cir.1975); *U.S. v. Pollack*, 433 F.2d 967, 967–968 (5th Cir.1970); *U.S. v. Braverman*, 522 F.2d 218, 224 (7th Cir.1975); *Chicago & N.W. Ry. v. Kelly*, 84 F.2d 569, 576 (8th Cir. 1936); *Toles v. U.S.*, 308 F.2d 590, 594 (9th Cir.1962); *U.S. v. Riebold*, 557 F.2d 697, 705–706 (10th Cir.1977); *Goodloe v. U.S.*, 188 F.2d 621, 621–622 (D.C.Cir.1950); *U.S. v. Maclean*, 578 F.2d 64, 65–66 (3rd Cir.1978); *Glover v. State*, 347 So.2d 592, 595 (Ala.Cr.App.1977); *Howard v. State*, 583 P.2d 827, 835 n. 19 (Alaska 1978); *People v. Guzman*, 45 Cal.3d 915, 248

judges discretion.[4] Illinois and Arizona statutorily allow jurors to takes notes in every trial.[5] California, Florida, and Tennessee allow jurors to take notes but hold that cautionary instructions are mandatory when requested by the defendant.[6] Only Louisiana, Rhode Island, New Mexico and Pennsylvania do not allow some form of juror note-taking and, even in those states, the defendant must show harm before reversal will be warranted.[7]

## IV.

### TEXAS CASES

Although this is a case of first impression before this Court,[8] several courts of appeals have addressed the issue of juror note-taking. In *Williams v. State*, 814 S.W.2d 163 (Tex.App.—Houston [14th Dist.] 1991), the trial judge allowed the jury to take notes and use their notes during deliberations. *Id.*, 814

S.W.2d at 164. The Court of Appeals surveyed the opinions of our state courts and those of other jurisdictions and determined "[t]he historical basis for prohibiting [juror note-taking] no longer exists." The Court held "[i]f note-taking by jurors will assist them, the court may permit them to take notes under appropriate conditions and admonitions". *Id.*, 814 S.W.2d at 166.

In *Wilson v. State*, 823 S.W.2d 777 (Tex. App.—Waco 1992), the defendant contended the trial judge erred by allowing the jury to take notes and to use those notes during deliberations. *Id.*, 823 S.W.2d at 782. The Court held:

> Following the reasoning of the court in *Williams*, we hold that, if note-taking by jurors will assist them, the court may permit them to take notes under appropriate conditions and admonitions. If jurors become too busy taking notes that their attention is diverted from the evidence, the

Cal.Rptr. 467, 755 P.2d 917, 936 (1988); *People v. Ellinger*, 754 P.2d 396, 397 (Colo.App.1987); *Esaw v. Friedman*, 217 Conn. 553, 586 A.2d 1164, 1167 (1991); *Lucas v. State*, 568 So.2d 18, 20 n. 2 (Fla.1990); *Williamson v. State*, 142 Ga.App. 177, 235 S.E.2d 643, 645 (1977); *Huffman v. State*, 543 N.E.2d 360, 376 (Ind.1989); *State v. Post*, 286 N.W.2d 195, 202 (Iowa 1979); *State v. Jackson*, 201 Kan. 795, 443 P.2d 279, 282–283 (1968); *Harper v. Commonwealth*, 694 S.W.2d 665, 669–670 (Ky.1985); *Commissioner v. Wilborne*, 382 Mass. 241, 415 N.E.2d 192, 200 (1981); *Dillon v. State*, 27 Md.App. 579, 342 A.2d 677, 679–700 (1975); *People v. Young*, 146 Mich. App. 337, 379 N.W.2d 491, 493 (1985); *Wash v. State*, 521 So.2d 890, 897 (Miss.1988); *State v. Jones*, 661 S.W.2d 814, 816 (Mo.App.1983); *State v. Hage*, 258 Mont. 498, 853 P.2d 1251, 1254 (1993); *Skinner v. State*, 83 Nev. 380, 432 P.2d 675, 677 (1967); *State v. Jumpp*, 261 N.J.Super. 514, 619 A.2d 602, 608 (A.D.1993); *People v. Liberatore*, 167 A.D.2d 425, 561 N.Y.S.2d 832, 833 (1990); *State v. Pearson*, 24 N.C.App. 410, 210 S.E.2d 887, 892 (1975); *State v. Williams*, 80 Ohio App.3d 648, 610 N.E.2d 545, 547 (1992); *Glazier v. State*, 514 P.2d 87, 91 (Okla.Cr.App. 1973); *State v. Chance*, 778 S.W.2d 457, 462 (Tenn.Cr.App.1989); *State v. Triplett*, 421 S.E.2d 511, 520 (W.V.1992); *Fischer v. Fischer*, 31 Wis.2d 293, 142 N.W.2d 857, 863 (1966); *and, Smith v. State*, 773 P.2d 139, 144 (Wyo.1989).

4. *See*, Idaho Code Ann., § 19–2203; 49 M.S.A., R.C.R.P. 26.03(12); N.R.S. 16.130; *and*, N.D.Rev.Code, § 29–22–04.

5. *See*, S.H.A. Ch. 38, par. 115–4(n); *and*, 17 A.R.S. Rules of Crim.Proc., Rule 18.6(d).

6. *See*, *People v. Guzman*, 45 Cal.3d 915, 248 Cal.Rptr. 467, 755 P.2d 917 (1988); *Myers v. State*, 499 So.2d 895 (Fla.App. 1 Dist., 1986); *and, Watkins v. State*, 216 Tenn. 545, 393 S.W.2d 141 (1965).

7. *See*, *State v. Groves*, 311 So.2d 230 (La.1975); *State v. Moore*, 106 R.I. 92, 256 A.2d 197 (1969); *Commonwealth v. Maute*, 336 Pa.Super. 394, 485 A.2d 1138 (1984); *and, City of Albuquerque v. Ackerman*, 82 N.M. 360, 482 P.2d 63 (1971).

8. This issue was presented once before but we declined to reach the merits. In *Hollins v. State*, 571 S.W.2d 873 (Tex.Cr.App.1978) (panel opinion), the defendant contended the trial judge erred in failing to grant a mistrial after discovering three jurors had taken notes during a portion of the trial. *Id.*, 571 S.W.2d at 878. After considering several opinions from foreign jurisdictions the Court stated:

> After due consideration of the facts in the instant case, we cannot conclude that this is the proper vehicle to lay down a hard and fast rule in criminal cases as to the propriety of jury note-taking and subsequent use in deliberations.

*Id.*, 571 S.W.2d at 883. The Court concluded that, assuming note-taking was improper, Hollins was not harmed. *Id.*

court can instruct the jurors that their note-taking should not be such that they fail to pay attention to the evidence. Furthermore, to prevent the jurors from placing improper importance on their notes, a court can instruct the jury that jurors' notes are not to be considered as evidence and, that in the event of disagreement, the jurors should request the disputed testimony be read from the official record.

*Id.*, 823 S.W.2d at 782 (citations omitted).

In *Hubbard v. State*, 809 S.W.2d 316 (Tex. App.—Ft. Worth 1991), the Court of Appeals ruled in much the same manner as this Court in *Hollins*. *See*, n. 8, *supra.* The Court of Appeals surveyed opinions by its sister courts of appeals but noted that no "hard and fast rule" existed. *Hubbard*, 809 S.W.2d at 320. The Court held:

Even if we assume that juror note-taking is improper, we find beyond a reasonable doubt that such alleged error made no contribution to the conviction or to the punishment. Tex.R.App.P. 81(b)(2).

*Id.*, 809 S.W.2d at 321.[9]

## V.

### PERMITTING JUROR NOTE–TAKING

 While we recognize the concerns expressed in *Cheek* and *Ledet* and the states that still prohibit juror note-taking, we believe the time has come to allow the trial judges of this State the discretion to permit juror note-taking.[10] We are confident the inherent risks of note-taking can be avoided if the trial judge takes the following steps. *First*, determine if juror note-taking would be beneficial in light of the factual and legal

issues to be presented at the trial. *Jumpp*, 619 A.2d at 609. If the trial is to be relatively short and simple, the need for note-taking will be slight. On the other hand, if a long and complex trial is anticipated, note-taking could be extremely beneficial. *Second*, the trial judge should inform the parties, *prior to voir dire*, if the jurors will be permitted to take notes. If note-taking is to be allowed, the parties should be permitted to question the venire as to their ability to read, write or take notes. *Triplett*, 421 S.E.2d at 519–520 (W.Va.1992).

*Third*, the trial judge should admonish the jury, at the time it is impaneled, on note-taking.[11] *MacLean*, 578 F.2d at 66; *DiLuca*, 448 N.Y.S.2d at 735. Having reviewed the jury instructions used by many jurisdictions, we believe the following admonition, or one substantially similar, should be given:

Ladies and Gentlemen of the Jury:

Because of the potential usefulness of taking notes, you may take notes during the presentation of evidence in this case. However, you may not take notes during the arguments of the lawyers, or when the jury charge is read to you.

Moreover, to ensure a completely fair and impartial trial, I will instruct you to observe the following limitations:

1. Note taking is permitted, but not required. Each of you may take notes. However, no one is required to take notes.

2. Take notes sparingly. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships.

---

9. Our survey of the courts of appeals also revealed several opinions dealing with civil trials. *Manges v. Willoughby,* 505 S.W.2d 379 (Tex.Civ. App.—San Antonio 1974) (finding no prohibition against juror note-taking in civil cases). *But see, Guest v. American Petrofina Co.,* 485 S.W.2d 926 (Tex.Civ.App.—Texarkana 1972) (criticized practice of jury note-taking); *and, English v. American & Foreign Ins. Co.,* 529 S.W.2d 810 (Tex.Civ. App.—Texarkana 1975) (jury note-taking is error but not reversible unless injury is shown).

10. We note that trial judges who do *not* permit juror note-taking will eliminate review of the matter on appeal and probably save many hours of trial and appellate court time.

11. During oral argument, the State argued that comprehensive jury instructions will alleviate many of the risks associated with jury note-taking.

3. Be brief. Overindulgence in note taking may be distracting. You, the jurors, must pass on the credibility of witnesses; hence, you must observe the demeanor and appearance of each person on the witness stand to assist you in passing on his or her credibility. Note taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made the observation itself. Keep in mind that when you ultimately make a decision in a case you will rely principally upon your eyes, your ears, and your mind, not upon your fingers.

4. Do not take your notes away from court. At the end of each day, please place your notes in the envelope which has been provided to you. A court officer will be directed to take the envelopes to a safe place and return them at the beginning of the next session on this case, unopened.

5. Your notes are for your own private use only. It is improper for you to share your notes with any other juror during any phase of the trial other than jury deliberations. You may, however, discuss the contents of your notes during your deliberations.

*See generally,* Litigation Management Manual, Exhibit B (Federal Judicial Center 1992).

*Fourth,* the trial judge should provide the following instruction, or one substantially similar, in the jury charge at each phase of the trial:

You have been permitted to take notes during the testimony in this case. In the event any of you took notes, you may rely on your notes during your deliberations. However, you may not share your notes with the other jurors and you should not permit the other jurors to share their notes with you. You may, however, discuss the contents of your notes with the other jurors. You shall not use your notes as authority to persuade your fellow ju-

rors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts. They are personal memory aids, just like the notes of the judge and the notes of the lawyers. Notes are valuable as a stimulant to your memory. On the other hand, you might make an error in observing or you might make a mistake in recording what you have seen or heard. Therefore, you are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.

Occasionally, during jury deliberations, a dispute arises as to the testimony presented. If this should occur in this case, you shall inform the Court and request that the Court read the portion of disputed testimony to you from the official transcript. You shall not rely on your notes to resolve the dispute because those notes, if any, are not official transcripts. The dispute must be settled by the official transcript, for it is the official transcript, rather than any juror's notes, upon which you must base your determination of the facts and, ultimately, your verdict in this case.

*See generally, MacLean,* 578 F.2d at 67; *DiLuca,* 448 N.Y.S.2d at 735; *and,* Tex.Code Crim.Proc.Ann. art. 36.28.

We believe that by complying with these four cautionary steps, Texas juries will be able to obtain the benefits of note-taking while avoiding the inherent risks. With the foregoing in mind, we now turn to address whether the trial judge abused his discretion in permitting juror note-taking in the instant case.

## VI.

### THE INSTANT CASE

■ In the instant case the record does not reveal whether the trial judge informed the parties that jury note taking would be permitted.[12] The record does reveal that the

---

12. Although the record is silent on this point,

appellant does not contend the trial judge's ac-

trial judge: 1) determined note-taking would benefit the jury; 2) admonished the jury on the proper use of any notes taken at the time it was impaneled; and, 3) provided further instruction on the proper use of the jury's notes in the jury charge. We believe the actions of the trial judge substantially complied with the four cautionary steps set forth in part V., *supra.* Accordingly, we hold the trial judge did not abuse his discretion by allowing the jury to take notes and use those notes during deliberations.

The judgment of the Court of Appeals is affirmed.

CAMPBELL, J., concurs for the reasons stated in *Johnson v. State,* 887 S.W.2d 957, 958 (Tex.Cr.App., delivered this day) (Campbell, J., concurring).

MALONEY, J., dissents for the reasons stated in *Johnson v. State,* 887 S.W.2d 957, 960 (Tex.Cr.App., delivered this day) (Maloney, J., dissenting).

MEYERS, Judge, dissenting.

The issue of whether juror note-taking is a permissible practice in criminal trials in Texas was, until today, unanswered by this Court. The majority answers this question not by looking to our procedural rules, but rather to the holdings of our sister states which reflect a "general trend of approval of juror note-taking." The majority notes that some state courts which reject the common law prohibition to note-taking by jurors do so because of legislative acts which expressly allow juror note-taking during criminal trials,[1] and that the remaining states which now allow the practice do so by engaging in some sort of a balancing test, weighing the "inherent risks" of allowing note-taking with the benefits.[2] While exploring the differing theories for allowing the practice is interesting, it sheds little light on the propriety of juror note-taking in Texas.

Article 1.27 of the Code of Criminal Procedure expressly states that where the Code "fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern." Tex.Code Crim.Pro. Article 1.27. Unlike some of the jurisdictions cited in the majority opinion, Texas does not have a statute sanctioning note-taking by jurors in criminal cases. Consequently, where the common law has spoken on the issue, this Court is not to engage in balancing tests or draft new procedural rules as some of our sister states have done, but rather, is bound by that common law declaration. *Id.* On the issue of juror note-taking, the common law is quite clear. The common law rule prohibits the practice of note-taking by jurors, particularly where the jury retains the notes during deliberations. Wharton's Criminal Procedure, Vol. III, §§ 1767, 1780 (1918); Zoline's Federal Criminal Law and Procedure, Vol. III, § 450a (1921); Thompson on Trials, Vol. II, § 2585 (1889).

Because juror note-taking not sanctioned by statute, is disallowed under the common law, and because the Code of Criminal Procedure dictates that the common law governs in cases where the Code is silent, the practice may not be sanctioned by this Court. *See* Tex.Code Crim.Pro. Article 1.27. Whether or not juror note-taking is a sound practice and should be allowed in Texas is another question, and is a matter which is best left to the legislature. I believe that for this Court's purpose the Code of Criminal Procedure and the common law are sufficiently clear to reach the conclusion that the practice of jury note-taking is prohibited in Texas. I therefore respectfully dissent.

CLINTON, J., joins.

---

tion was a surprise or compromised the effectiveness of his representation. Moreover, during oral argument appellant's counsel acknowledged appellant was not surprised by the trial judge's action.

1. *Price v. State,* 887 S.W.2d 949, 953 and footnotes 5 and 6 (Tex.Crim.App.1994); *see also Hol-*

*lins v. State,* 571 S.W.2d 873, 878–879, n. 5 (Tex.Crim.App.1978).

2. *See Price v. State,* 887 S.W.2d 949, 951–953 (Tex.Crim.App.1994) and cases cited therein.