Affirmed and Opinion filed _____, 2002









Affirmed and Opinion filed June 27, 2002.

 

 

                        

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00622-CV

____________

 

IN THE MATTER OF N.J.Z., A CHILD

 

 

 



On Appeal from the County Court at Law No.
1

Galveston County, Texas

Trial Court Cause No. 00JV0346

 

 

 



O P I N I
O N

            A jury found appellant N.J.Z. had engaged in delinquent
conduct by committing three counts of aggravated sexual assault of a
child.  See Tex. Pen. Code Ann. §
22.021(a)(1)(B).  The trial court found
that removing N.J.Z. from his home was in the best interest of N.J.Z. and the
community, and committed him to a residential post-adjudication program for six
to twelve months. See Tex. Fam. Code Ann. § 59.008.  On appeal, N.J.Z. argues the trial court erred
in (1) denying him the right to present character evidence, (2) denying his
motion for new trial on the basis of improper bolstering, and (3) failing to
inform him that the jury would be allowed to take notes.  N.J.Z. additionally argues the evidence is
factually insufficient.  We affirm.

Character
Evidence

            In his first point of error,
appellant argues the trial court erred in denying him the right to present
evidence of his prior good conduct with children.  To preserve error from a ruling excluding evidence,
there must be an attempt at trial to offer the evidence, obtain an adverse
ruling, and make a record of the precise evidence the proponent desires
admitted. Richards v. Comm’n for Lawyer Discipline,
35 S.W.3d 243, 252 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  The appellant does not refer us to the
record, nor have we independently found, when appellant tendered an offer of
character evidence that the trial court excluded.  In the absence of an offer of proof and a
ruling on the evidence, nothing is preserved for appeal.  We overrule the first issue.  

Improper
Bolstering

            In his second issue, appellant argues the trial court
erred in denying his motion for new trial on the ground of improper
bolstering.  During the adjudication
phase, the State called both the physician’s assistant who examined the
complainant and the licensed physician who reviewed the findings and
photographs of the physician’s assistant. 
After the physician’s assistant testified, the physician began his
testimony, and appellant made the following objection.

[DEFENSE COUNSEL]: For the record, I would object that this is improper
bolstering.  And that if [the State] was
going to have [the physician] testify, . . . [the State] should have called
[only] [the physician] if he’s going to be the expert.  

 

The trial court overruled
appellant’s objection.  Appellant raised
improper bolstering as a ground in his motion for new trial.  At the hearing, appellant argued, “I made an
objection during trial— [the physician’s] testimony improperly bolstered the
testimony of the medical assistant who treated the child and [the physician]
did not treat the child . . . and we’re going to make that argument on appeal,
that his testimony improperly bolstered the State’s case.”  On appeal, however, appellant argues that the
physician’s testimony improperly bolsters the complainant’s credibility.  More specifically, appellant argues that by
offering his opinion that the complainant was sexually abused, the doctor acted
“as a human lie detector to the truthfulness of the Complainant.”  Because appellant did not adequately notify
the trial court of this complaint, he has failed to preserve error.  See In re E.M.R., 55 S.W.3d
712, 716 (Tex. App.—Corpus Christi 2001, no pet.); Montoya v. State, 43
S.W.3d 568, 573 (Tex. App.—Waco 2001, no pet.) (holding “bolstering” objection
was inadequate to preserve error on appeal). 
But even had appellant made the trial court aware of this objection, it
was not error for the court to allow the physician to testify, based on the
physician’s physical findings and history, that he thought the complainant had
been sexually abused.  Unlike the cases
cited by appellant,[1] the
physician never gave an opinion on the complainant’s credibility.  Although the doctor’s opinion was based in
part on the history given by the complainant, it was also based on physical
findings that were documented in photographs that only an expert could properly
interpret.  Consequently, the physician’s
opinion tended to establish a fact of consequence and was not merely bolstering
the credibility of the complainant.  See Cohn v. State, 849 S.W.2d 817, 819-20
(Tex. Crim. App. 1993).  We overrule the second issue.

Jury Note-Taking

            In the third issue, appellant argues the trial court
erred in failing to inform counsel prior to voir
dire that the jury would be allowed to take notes.  See Price v. State, 887 S.W.2d 949,
954 (Tex. Crim. App. 1994).  Counsel never objected during trial, and
raised the issue only in the motion for new trial.  But even in Price, the Court of
Criminal Appeals found no abuse of discretion when the record failed to show
that the trial court informed the parties that jury note-taking would be
permitted before voir dire began.  887 S.W.2d at 955-56; see also Hubbard v.
State, 892 S.W.2d 909, 910-11 (Tex. Crim. App.
1995).  Furthermore, despite appellant’s
allegations that he was deprived of due process and the opportunity to voir dire the jury on note-taking, the record does not
reflect that the complained of actions probably caused the rendition of an
improper judgment. See Tex. R.
App. P. 44.1(a)(1).  Because the
trial judge substantially complied with the Price admonishments, we find
that appellant suffered no harm, and thus overrule his third issue.  See Foster v. State, 976 S.W.2d 732,
735 (Tex. App.—Tyler 1998, pet. ref’d).  

Factual
Sufficiency

            In the final point of error,
appellant argues the evidence is factually insufficient to sustain his
adjudication of delinquency.  An
appellate court may set aside an adjudication of delinquency for factual
insufficiency only when that adjudication is so against the great weight and
preponderance of the evidence as to be clearly wrong and unjust.  In the Matter of G.A.T., 16 S.W.3d
818, 829 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  

            Appellant, fifteen-year-old N.J.Z., was the after-school
babysitter for the children of his mother’s co-worker.  One of the children, nine-year-old E.A.,
began crying at school one day because he was afraid to go home.  He told the school counselor that his
babysitter, the appellant, was abusing him. 
E.A. also testified to multiple acts of sexual abuse and admitted brandishing
his father’s unloaded shotgun at appellant after the abuse had started.  E.A.’s younger
brother testified that he heard E.A. scream on one occasion when E.A. and the
appellant were locked in their parents’ bedroom.  E.A.’s father also
testified that when he came home early on one occasion, it took appellant a
long time to answer the door, and when he did, appellant quickly returned to
the bathroom shortly before E.A. emerged pulling up his shorts.  A physician’s assistant spoke to E.A.,
performed an anal exam, and documented distortions and a fissure in the tissue
consistent with sexual assault.  Both the
physician’s assistant and the supervising doctor testified that there was a
very strong indication E.A. had been sexually abused.  A counselor who treated E.A. stated that he
exhibited symptoms consistent with post-traumatic stress disorder and had
nightmares about appellant.  

            Appellant denied all of E.A.’s
allegations, testified that he saw E.A. watching pornography and trying to
stick a pen in E.A.’s own rectum.  He also testified that the children asked
their parents on multiple occasions if appellant could spend the night, and
that the children normally ran around the house without any clothes.  Appellant’s expert agreed with the State’s
physician that E.A.’s injury, which he stated was
probably caused by impalement, was consistent with sexual abuse.  He cautioned that anyone interviewing a child
should be well-versed in the techniques for interviewing children.

After
reviewing all of the evidence in a neutral light, we cannot conclude that an
adjudication of delinquency is so against the great weight and preponderance of
the evidence as to be clearly wrong and unjust. 
We overrule appellant’s final point of error and affirm the judgment of
the trial court.

 

                                                                                    

                                                                        /s/        Scott Brister

                                                                                    Chief
Justice

 

 

Judgment rendered and Opinion filed June
27, 2002.

Panel consists of Chief Justice Brister and Justices Anderson and Frost.

Do Not Publish — Tex. R. App. P. 47.3(b).

 

 











[1] See, e.g., Yount
v. State, 872 S.W.2d 706, 710 (Tex. Crim. App.
1993); Kirkpatrick v. State, 747
S.W.2d 833, 836 (Tex. App.—Dallas 1987, pet. ref’d).