Affirmed and Memorandum Opinion filed January 20, 2005









Affirmed and Memorandum Opinion filed January 20,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01241-CR

____________

 

SAM DUMES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 357th
District Court

Harris County, Texas

Trial Court Cause No. 936,202

 



 

 M E
M O R A N D U M  O P I N I O N

A jury convicted appellant of the felony
offense of aggravated robbery and assessed punishment at confinement for
sixty-three years and twelve days in the Texas Department of Criminal Justice,
Institutional Division, and a $10,000 fine. 
In two points of error, appellant argues (1) the trial court erred
during the punishment phase in sustaining the prosecutor=s objection to
defense counsel=s argument concerning appellant=s age, and (2) the
evidence is factually insufficient to support the finding of guilt.  We affirm.

 








Factual
Background

The following evidence was presented
during appellant=s aggravated robbery trial.  The complainant testified that on the evening
of November 20, 2002, he was working as a pizza deliveryman for Pizza
Time.  At about 6:10 p.m., Pizza Time
received a phone call placing an order for a pizza to be delivered to 7272
Regency Square Court, a townhouse located about three minutes away from Pizza
Time.  

Around 7:10 p.m., the complainant arrived
at 7272 Regency Square Court with the pizza. 
As he was knocking on the door, appellant walked by him.  Appellant then walked back towards the
complainant, put a gun to his head, and said, AGive me the money.@  The complainant told appellant he did not
have any money.  Appellant told the
complainant he would shoot him, and he hit the complainant three times with the
gun and continued to ask for money.  At
one point, appellant reached into the complainant=s back pocket and
threw business cards the complainant kept in his pocket to the ground.  When the complainant bent down to pick up the
cards, appellant walked over to the complainant=s car.  The complainant=s wallet was in
his car.  The complainant followed
appellant to the car and grabbed appellant. 
After a brief struggle, appellant bit him.  The complainant was bleeding, and he let go
of appellant, who ran away.  The
complainant was not sure what happened to the gun.  The complainant saw a man nearby, and he
asked him for help.  The unidentified man
appeared to be a security guard and may have taken the gun.  

After the incident, the complainant drove
back to Pizza Time, and his boss called the police.  The complainant speaks only a little
English.  He relayed the information to
the police with the help of others.[1]








In January 2003, the complainant viewed a
photo spread the police showed him and identified appellant as the person who
had pulled the gun on him.  The
complainant also stated he had seen appellant several times before.  Appellant patronized the gas station located
in the same shopping center as Pizza Time.

Officer Clifford Jackson, a patrol officer
with the Houston Police Department, testified he was dispatched to Pizza Time
at 7:29 p.m. on November 20, 2002, and arrived at 7:38 p.m.  When he arrived, he saw the complainant being
treated by paramedics.  He noticed the
complainant was bleeding from the left side of his head and had a swollen face,
an injury to the upper nose, and a bite mark on his lower right arm.  The officer attempted to question the
complainant, but there was a language barrier. 
Someone assisted Officer Jackson with interpreting the officer=s questions to the
complainant.  The complainant told him
what happened and described his attacker. 
The complainant relayed that he was struck with a firearm two to three
times and was assisted by a security guard or some person who picked up the
gun.  Officer Jackson did not find out
any information about the unidentified man the complainant said he saw after
the assault.  

Rachel Perez testified appellant was her
boyfriend in November 2002.  Appellant
was living with her in an apartment located at Regency Square Apartments at
that time.  Rachel testified that on
November 20, 2002, appellant called her at work and told her he had a flat tire
while driving Rachel=s car. 
Rachel called her aunt, Dolores Perez, to help him.  After 6:00 p.m. that same day, Rachel went
with Dolores and appellant to fix the flat tire on her car.  Rachel was not sure of the exact time or how
long it took. 

Sergeant Sonny Wright, a robbery detective
with the Houston Police Department, investigated the complainant=s case.  During his investigation of the case, he
received information on a certain phone number and investigated the phone
number.  The phone records for the number
were subpoenaed, and he learned Rachel was the subscriber.  The records listed an incorrect driver=s license number
and address for Rachel.  Because Dolores
Perez=s number was
listed as a number called in the phone records, 
Sergeant Wright called Dolores to obtain contact information for
Rachel.  Dolores provided a description
of Rachel=s boyfriend, appellant, that matched the
complainant=s description of his attacker.  








Sergeant Wright obtained a photo of
appellant and put it in a photo spread. 
The complainant identified appellant in the photo spread as the man who
robbed him.

Dolores Perez testified that around 1:00
p.m. on November 20, 2002, Rachel called and asked her to pick up appellant and
her son, who were stranded on the highway with a flat tire.  Dolores picked them up, and they went to
purchase a new tire for Rachel=s car.  They planned to go back later to fix the tire
after Rachel got off work.  Around 7:00
p.m. that evening, Rachel called Dolores and asked her to pick her and
appellant up to go fix the tire.  Dolores= phone records
show a call between Dolores and Rachel at 7:11 p.m. on November 20.  Rachel=s apartment was a
ten-minute drive from Dolores= home.  Dolores testified she picked them up around
7:20 p.m. or 7:25 p.m. to go fix the tire.

Jiannong Wang, a delivery driver familiar
with the area where the robbery occurred, testified it would take five minutes
for someone to walk from 7272 Regency Square Court, where the complainant was
robbed, to the apartments at 7222 Bellerive, where appellant lived, and three
minutes to run the distance.

Appellant did not testify.

                                           Discussion

I.        Closing Argument During Punishment

In point of error one, appellant argues
the trial court erred in sustaining the State=s objection to
defense counsel=s closing argument during punishment that
appellant Ais a young man@ who Ajust turned
twenty.@  Appellant claims the jury argument was
permissible because the State=s own punishment
evidence specifically included appellant=s birth date, and
a reasonable deduction of appellant=s age could be
drawn from his date of birth.  Appellant
argues the error was harmful because any variation in the presentation of the
evidence would likely have altered appellant=s sentence because
of the unusual precision with which the jury determined punishment.








The following is an excerpt of defense
counsel=s closing argument
during the punishment phase of trial, the State=s objection to the
argument, and the trial court=s ruling:

Defense
counsel:   Also the question is how do you
look at him [appellant] as an individual? 
Because really, it=s all about him.  It=s not about me and it=s not about [the prosecutor], the Judge, or even about
yourself.  It=s about Dumes.  Dumes is a young man.  He just turned 20.

Prosecutor:            I object.  That=s outside the record.

Court:          Sustained.

Defense
counsel:   Dumes is a young man and we
also know that he=s not the smartest guy that=s ever walked into the
courtroom.  I mean, he robbed the same
guy twice.  You need to kind of take that
into account, his intelligence.  But
ultimately, you=ve got to resolve what you=re going to do based on the facts
as you determine those facts to be.  We
all want somebody to pay when someone is robbed or injured.  But make sure that the person that pays is the
right person.

. . . .                               

Although the trial court sustained the
State=s objection, the
court did not instruct the jury to disregard defense counsel=s statement.  Appellant=s counsel did not
object to the court=s ruling and did not state on the record
what further argument, if any, he would have made had the court not sustained
the State=s objection.  See Tex.
R. App. P. 33.2 (outlining procedure for formal bills of exception).








No reversible error is committed where
counsel fails to object or put on the record what he would have argued if the
court had not imposed the limitation on argument.  See Ramirez v. State, 815 S.W.2d 636,
648 (Tex. Crim. App.1991) (holding no error presented where the appellant
failed to indicate in the record what attempted demonstration he was prevented
from doing); Price v. State, 870 S.W.2d 205, 209 (Tex. App.CFort Worth 1994), aff=d on other grounds, 887 S.W.2d 949
(Tex. Crim. App. 1994) (AWhere the record does not fully
demonstrate to the reviewing court what counsel would have argued but for an
objection, no demonstration of harmful error is made.@).  Appellant did not indicate in the record what
argument he would have made and, failing to do so, he did not properly perfect
this point for appellate review.  

Despite appellant=s procedural
default, we address the merits of the point of error.  Permissible jury argument falls within one of
four general categories: (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; and
(4) pleas for law enforcement.  Coleman
v. State, 881 S.W.2d 344, 358 (Tex. Crim. App. 1994); Torres v. State,
92 S.W.3d 911, 920 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d). 
In this case, one of the documents admitted into evidence, a prior
judgment against appellant, included appellant=s birth date.  Therefore, evidence existed in the record to
substantiate defense counsel=s argument.  Appellant=s age was a
reasonable deduction from this evidence, and the trial court erred in
sustaining the State=s objection to defense counsel=s argument.  

Appellant asserts the trial court=s error denied him
the  right to counsel and complains the
trial court=s ruling was harmful because of Athe unusual
precision with which the jury determined punishment.@  Appellant contends Aany variation in
the presentation of the evidence would have likely altered [the jury=s] sentence.@  Because appellant argues he was deprived of
his right to counsel, we will review the error under the standard for Aconstitutional
error.@[2]  See Tex.
R. App. P. 44.2(a); Lemos v. State, 130 S.W.3d 888, 892B 93 (Tex. App.CEl Paso 2004, no
pet.).  Where the appellate record in a
criminal case reveals constitutional error, we must reverse the judgment of
conviction unless we determine beyond a reasonable doubt the error did not
contribute to the conviction.  Id.








During the punishment phase, the State
presented witnesses who testified to the following:  (1) appellant robbed a second food
deliveryman, Jiannong Wang, twice in the same complex on November 8 and
November 14, 2002; (2) appellant had been detained for possession of crack
cocaine; (3) appellant tested positive for PCP and marijuana while on bond  for the present offense; and (4) appellant
fled when he discovered that his bond likely would be revoked due to the
positive drug testing results.  The State
also introduced evidence appellant previously had been convicted of burglary of
a building, evading detention or arrest, burglary of a motor vehicle, and two
theft offenses.  During closing
arguments, the prosecutor argued to the jury that a fifty-year sentence would
be appropriate.  

Appellant did not introduce any evidence
during punishment.  During closing
arguments, defense counsel argued to the jury that it must consider the entire
range of punishment for aggravated robbery. 
He also discussed appellant=s past criminal
history and attacked Wang=s credibility.  Additionally, defense counsel urged the jury
to consider appellant=s youth and his intelligence in
assessing punishment.  

The evidence introduced of appellant=s prior
convictions and the aggravated nature of this offense attest to appellant=s propensity to
commit crimes and support the punishment assessed.  The State did not request an instruction to
disregard defense counsel=s argument regarding appellant=s age, and defense
counsel twice argued to the jury that appellant Ais a young man.@  Evidence of appellant=s age was admitted
in evidence as part of a prior judgment for delinquent conduct, and the trial
court instructed the jurors they could consider the evidence before them in
rendering a sentence.  The record shows
defense counsel had ample opportunity to argue his case to the jury, and he
urged the jury to consider the entire range of punishmentCfive years to
ninety-nine years or life in prison.  

The range of punishment for aggravated
robbery is five years to ninety-nine years or life in prison and a fine of up
to $10,000.  See Tex. Pen. Code Ann. ' 12.32 (Vernon
2003).  The jury=s sentence of
sixty-three years and twelve days and a $10,000 fine is within the range of
punishment.  Accordingly, we determine
beyond a reasonable doubt that the error did not contribute to the punishment.  








We overrule appellant=s first point or
error.

II.       Factual Sufficiency of the Evidence

In his second point of error, appellant
argues the evidence is factually insufficient to sustain his conviction.  He argues the complainant=s credibility was Aespecially weak@ and three
problems with the State=s case made the jury=s guilty verdict
clearly wrong.  The three asserted
problems are:  (1) the complainant
repeatedly testified he was coerced by the police into identifying appellant
from a photo spread; (2) the complainant contradicted himself and gave false
information to the police on at least one issue of importance; and (3) an
unbiased witness provided a strong alibi of appellant=s location at the
time of the robbery.  Appellant argues
this evidence indicates the jury=s verdict is
clearly wrong and unjust.

Because appellant does not challenge the
legal sufficiency of the evidence, our review of the factual sufficiency of the
evidence begins with the presumption that the evidence supporting the judgment
was legally sufficient.  See Clewis v.
State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).  In a factual sufficiency review, we view all
of the evidence in a neutral light and determine whether the jury was
rationally justified in finding guilt beyond a reasonable doubt.  See Zuniga v. State, 144 S.W.3d 477,
484 (Tex. Crim. App. 2004).  There are
two ways in which the evidence may be insufficient:  (1) if the evidence supporting the verdict,
when considered by itself, is too weak to support the finding of guilt beyond a
reasonable doubt; or (2) weighing evidence both supporting the verdict and
evidence contrary to the verdict, the contrary evidence is strong enough that
the beyond-a-reasonable-doubt standard could not have been met.  Id. at 484B85.  We must give appropriate deference to the
jury=s findings, and we
may not substitute our judgment for that of the jury.  Id. at 482.








When conducting a factual sufficiency
review, our evaluation should not intrude upon the fact finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407B08 (Tex. Crim.
App. 1997).  The weight to be given
contradictory testimonial evidence is solely within the province of the fact
finder because it turns on an evaluation of credibility and demeanor.  Id. at 408B09.  The fact finder is entitled to judge the
credibility of the witnesses and may choose to believe all, some, or none of
the testimony presented.  Id. at
407 & nn.4B5. 
A court of appeals must defer to jury findings and may find the evidence
factually insufficient only when necessary to prevent manifest injustice.  Id at 407. 

Under the indictment, the State was
required to prove appellant, on or about November 20, 2002, did then and there
unlawfully, while in the course of committing theft of property owned by the
complainant and with intent to obtain and maintain control of the property,
intentionally and knowingly threatened and placed the complainant in fear of
imminent bodily injury and death, and appellant did then and there use and
exhibit a deadly weapon, a firearm.  

Appellant isolates three pieces of
evidence in his factual-sufficiency challenge. 
Our review is not so narrowly circumscribed.  There is only one question to be answered in
a factual sufficiency review:  AConsidering all
of the evidence in a neutral light, was a jury rationally justified in
finding guilt beyond a reasonable doubt?@  See Zuniga, 144 S.W.3d at 484
(emphasis added).  In this case, viewing
all of the evidence in a neutral light, we conclude the jury was rationally
justified in finding appellant guilty beyond a reasonable doubt.  See id. at 481.  Nevertheless, we briefly address in turn the Athree significant
problems@ that appellant
contends Amade the jury=s guilty verdict
clearly wrong.@  








First, appellant argues the complainant=s photo spread
identification of appellant was questionable.[3]  At trial, a brief misunderstanding arose
regarding the process by which the complainant selected appellant=s photo from the photo
spread, but this misunderstanding was cleared up by the prosecutor who
thoroughly questioned the complainant in detail regarding what the police
officer told him before he identified appellant in the photo spread.  The record contradicts appellant=s contention that
the photo spread identification of appellant was questionable, and we overrule
this part of point two. 

Second, appellant asserts the complainant=s credibility was
especially weak because the complainant testified that he did not know what had
become of the assailant=s weapon, yet he told the police that an
apartment security guard kept the weapon. This argument attacks the credibility
and weight of the evidence and focuses on the inconsistencies between the
complainant=s testimony and Officer Jackson=s testimony
regarding whether the unidentified person/security guard, in fact, picked up
and kept the gun used by appellant. 
Similarly, appellant also contends a third piece of evidence, Delores
Perez=s alibi testimony,
ruled out the possibility that appellant was Athe robber@ because Delores
testified appellant was helping Rachel replace the flat tire on her car on the
side of the road from 7:20 p.m. until approximately 8:30 p.m. on November 20,
2002.  

There is nothing in the record to suggest
the jury=s resolution of
any conflicts in the testimony of the complainant and Officer Jackson was
unreasonable.  Likewise, there is nothing
in the record to suggest the jury=s resolution of
Dolores= alibi testimony
was unreasonable.  Accordingly, we
overrule appellant=s second point of error.

The judgment of the trial court is
affirmed.

 

 

 

/s/      John S. Anderson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed January 20, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  At trial, an
interpreter translated the complainant=s
testimony.





[2]  Generally, a
complaint regarding improper jury argument is non-constitutional error
and is reviewable under Rule 44.2(b) of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 44.2(b); Martinez v.
State, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000).  Here, however, the argument was proper.





[3]  Appellant does
not challenge the admissibility of his identification by the complainant.