

# NUMBER 13-08-00180-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**MICHAEL LOZANO,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## On appeal from the 117th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION[1]

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Michael Lozano appeals from his conviction for the offense of murder.

*See* TEX. PENAL CODE ANN. § 19.02 (Vernon 2003). The jury found Lozano guilty of the

---

[1]As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

murder of Riko Rodriguez and assessed punishment, enhanced by a prior conviction for robbery, at seventy-five years' confinement and a $10,000 fine. By eight issues, which we characterize as four, Lozano complains of the following: (1) trial court error when the trial court permitted the jury to take notes without following mandatory provisions set out by the Texas Court of Criminal Appeals and when it did not charge the jury on the lesser-included offense of manslaughter; (2) prosecutorial misconduct; (3) charge error which resulted in less than a unanimous verdict; and (4) ineffective assistance of counsel.[2] We affirm.

## I. Discussion

### A. Trial Court Error

By his first issue, Lozano complains that the trial court erred when it permitted the jury to take notes without following the provisions outlined in *Price v. State.* *See* 887 S.W.2d 949, 954-55 (Tex. Crim. App. 1994) (en banc). He also claims error when the trial court did not charge the jury on the lesser-included offense of manslaughter. However, to preserve such complaints, a timely objection must be made and, in the instance of the lesser-included offense challenge, a request for its inclusion in the charge must also be made. *See* Tex. R. App. P. 33.1(a)(1); *Delgado v. State*, 235 S.W.3d 244, 250 (Tex. Crim.

---

[2] Throughout his brief, Lozano uses language that suggests he is attempting to bring an issue challenging the sufficiency of the evidence. Lozano does not, however, support his contentions with clear and concise arguments or with appropriate citations to the record. Tex. R. App. P. 38.1(i); *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) ("It is incumbent upon counsel to cite specific legal authority and to provide legal argument based upon that authority."). For example, Lozano describes one issue, which he later labels as two, as follows: "The jury verdict was against the great weight and preponderance of the evidence based upon the facts of the case and based on the jury verdict which found the defendant guilty of two contradictory methods of committing murder." Lozano's discussion of this issue throughout his brief addresses only charge error and unanimity of the verdict, not the sufficiency of the evidence. Also, in a combined discussion of five of his eight listed issues, Lozano contends that "[t]he evidence is not factually nor [sic] legally sufficient to support the jury's verdict." He provides basic propositions of law for reviewing sufficiency challenges—legal sufficiency in this section and factual sufficiency in an earlier, unrelated section. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (legal sufficiency); *Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006) (factual sufficiency); *Jackson v. State*, 17 S.W.3d 664, 668-69 (Tex. Crim. App. 2000) (legal sufficiency). Again, however, Lozano provides no legal argument relevant to a sufficiency issue that applies the applicable law to the facts of the case. Therefore, we conclude that this contention is inadequately briefed. *See* Tex. R. App. P. 38.1(i); *Tufele v. State*, 130 S.W.3d 267, 271 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd).

App. 2007) ("It is clear that the defense may not claim error successfully on appeal due to the omission of a lesser[-]included offense if the defense refrained from requesting one. Likewise, any error in the improper submission of a lesser[-]included instruction is waived if the defense fails to object to the instruction.") (quoting 43 GEORGE E. DIX & ROBERT O. DAWSON, *Criminal Practice and Procedure* § 36.50 at 202 (Supp. 2006)); *Shannon v. State*, 942 S.W.2d 591, 596 (Tex. Crim. App. 1996) (concluding that a challenge to jury note-taking was not preserved for review where no objection was made); *see also Cervantes v. State*, No. 13-03-394-CR, 2004 Tex. App. LEXIS 7442, at **7-8 (Tex. App.–Corpus Christi Aug. 19, 2004, pet. ref'd) (mem. op., not designated for publication) (same). Lozano concedes he did not object to the trial court's alleged failure to fully comply with the cautionary steps listed in *Price*. And Lozano neither requested an instruction on the lesser-included offense of manslaughter nor objected to the charge. Thus, we conclude that the trial court did not err here. We overrule Lozano's first issue.

### B. Prosecutorial Misconduct

Lozano contends, in his second issue, that he was denied his right to choose an unbiased jury that would follow statutory law because, during voir dire, the prosecutor asked questions of prospective jurors regarding their ability to consider the maximum range of punishment without inquiring about their ability to consider the minimum range of punishment. Lozano acknowledges that he did not object to this line of questioning. Therefore, error by the State, if any, was not preserved. *See* TEX. R. APP. P. 33.1(a); *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995) (en banc) (per curiam) (concluding that a prosecutorial misconduct complaint was not preserved for review due to appellant's failure to object at the earliest possible moment); *see also Halprin v. State*, 170 S.W.3d 111, 119 (Tex. Crim. App. 2005) (determining that failure to object results in failure to

3

preserve a complaint regarding an improper commitment question). We overrule Lozano's second issue.

### C. Jury Unanimity

In issue three, Lozano complains that the jury charge allowed him to be convicted on less than a unanimous jury verdict because it was submitted on a general jury verdict form and not on separate jury verdict forms for the two methods of committing the murder, as charged in the indictment. *See Luna v. State*, 268 S.W.3d 594, 601 (Tex. Crim. App. 2008) (citing *Ngo v. State*, 175 S.W.3d 738, 745-46 (Tex. Crim. App. 2005) (en banc)). Specifically, he argues that he was deprived of his constitutional right to a unanimous jury verdict because the jury had the following multiple options to choose from in deciding whether he committed murder: (1) shooting Rodriguez; (2) intending to cause serious bodily injury to Rodriguez and committing an act clearly dangerous to human life; (3) promoting or assisting the commission of the offense by Steven Ray Perez; or (4) encouraging, directing, aiding, or attempting to aid Perez in one of the two manners of murder under the law of parties. Lozano also appears to raise charge error on the basis that he could not be found guilty of what he describes as two contradictory methods or manners of committing murder.

When addressing a claim of jury charge error, an appellate court must first determine whether error actually exists in the charge. *Druery v. State*, 225 S.W.3d 491, 504 (Tex. Crim. App. 2007); *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996) (en banc); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (en banc). Only when there is jury charge error do we determine if the error caused sufficient harm to warrant reversal. *Hutch*, 922 S.W.2d at 170-71; *Almanza*, 686 S.W.2d at 171.

4

The indictment in this case contained the following two separate paragraphs within a single count:

### Count 1, Paragraph 1

**MICHAEL LOZANO,** defendant,

on or about **DECEMBER 2, 2006,** in Nueces County, Texas, did then and there intentionally and knowingly cause the death of an individual, RIKO RODRIGUEZ, by shooting [sic] with a firearm,

### Count 1, Paragraph 2

**MICHAEL LOZANO,** defendant,

on or about **DECEMBER 2, 2006,** IN Nueces County, Texas, did then and there with the intent to cause serious bodily injury to an individual, RIKO RODRIGUEZ, do the act of shooting him with a firearm; that this act was clearly dangerous to human life; and that this act caused the death of RIKO RODRIGUEZ[.]

It is clear that the indictment alleged alternative theories of committing the same offense.

The jury charge set out that Lozano "stands charged by indictment with the offense of MURDER." In its charge, the trial court instructed the jury that the "law provides that a person commits the offense of murder if he intentionally or knowingly causes the death of an individual, or intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." Moreover, the sixth application paragraph of the trial court's charge tracked the language of the indictment, presenting it in the disjunctive as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about December 2, 2006, in Nueces County, Texas, the defendant, MICHAEL LOZANO, did then and there intentionally or knowingly cause the death of an individual, Riko Rodriguez, by shooting him with a firearm;

**OR**

5

Now, if you find from the evidence beyond a reasonable doubt that on or about December 2, 2006, in Nueces County, Texas, the defendant, MICHAEL LOZANO[,] did then and there, with the intent to cause serious bodily injury to an individual, Riko Rodriguez, do the act of shooting him with a firearm; that this act was clearly dangerous to human life; and that this act caused the death of Riko Rodriguez, then you will find the defendant guilty of murder, as charged in the indictment.

The jury returned a general verdict finding Lozano "**guilty** of MURDER, as alleged in the indictment." (Emphasis in original.)

In reviewing a disjunctive jury charge, we first determine whether the application paragraphs contain different criminal acts or whether they merely instruct as to different means of committing a single offense. *Holford v. State*, 177 S.W.3d 454, 461 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd). If the disjunctive paragraphs merely inform the jury of different means of committing a single offense, then the jury does not have to unanimously agree on which alternative means the defendant used to commit the offense. *Id*. at 462 (citing *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) (en banc)); *see also Cavazos v. State*, No. 13-04-00325-CR, 2007 Tex. App. LEXIS 7174, at **26-27 (Tex. App.–Corpus Christi Aug. 30, 2007, pet. ref'd) (mem. op., not designated for publication) ("When alternative theories of committing the same offense are submitted to the jury in the disjunctive, it is appropriate for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted.").

In this case, the trial court's charge does not authorize the jury to convict Lozano of different criminal acts. Each application paragraph defines the criminal act, i.e., causing Rodriguez's death by shooting him. The application paragraphs at issue merely inform the jury of different means of committing a single murder offense and not of two contradictory

6

methods or manners of committing murder as Lozano suggests. *See Kitchens*, 823 S.W.2d at 258; *Holford*, 177 S.W.3d at 462-63.

Lozano also contends that the verdict may not have been unanimous because the charge included paragraphs on the law of parties, giving the jury even more options to chose from in deciding whether Lozano committed murder. The jury was instructed on the law of parties, as Lozano states. However, alternate theories of party liability in the trial court's charge are merely alternate methods or means by which an appellant may have committed the one charged offense. *Hanson v. State*, 55 S.W.3d 681, 694 (Tex. App.–Austin 2001, pet. ref'd). A general verdict form was proper. *See id*. at 694-95.

We conclude no charge error exists in this case. *See Druery*, 225 S.W.3d at 504. The jury's general verdict did not violate the unanimous verdict requirement. *See Luna*, 268 S.W.3d at 601 (citing *Kitchens*, 823 S.W.2d at 258 (upholding a general verdict for one offense with varying theories of commission)). We overrule Lozano's third issue.

### D. Ineffective Assistance of Counsel

In his fourth issue, Lozano complains of ineffective assistance of counsel. He specifically asserts that counsel was ineffective because he (1) did not object to the prosecutor's voir dire questions regarding only maximum sentences and not minimum sentences, and (2) did not request that the jury be charged on the lesser-included offense of manslaughter.[3] However, Lozano does not develop these complaints. *See* TEX. R. APP. 38.1(i); *see also Mercado v. State*, No. 13-07-00492-CR, 2009 Tex. App. LEXIS 3141, at

---

[3]As a separate contention, Lozano asserts that he was denied counsel or that his counsel was ineffective during the punishment hearing "because his counsel did not know what murder charge the jury found him guilty for." We are not persuaded by this argument because the record does not reflect that counsel did not know of the crime of which Lozano was convicted. Rather, Lozano's trial counsel informed the jury that he did not "know for sure upon what theory [the jury] convicted [Lozano,] and therefore it was difficult for him to recommend punishment."

**13-14 (Tex. App.–Corpus Christi May 7, 2009, no pet.) (mem. op., not designated for publication) (concluding that the appellant did not provide a clear and concise argument with citation to proper authority to support his allegation of ineffective assistance). Furthermore, allegations of ineffective assistance must be firmly rooted in the record. *In re E.M.R.*, 55 S.W.3d 712, 719 (Tex. App.–Corpus Christi 2001, no pet.) (en banc). Because the record does not demonstrate counsel's reasons for his decisions regarding his complained-of actions or his failure to act, Lozano has failed to overcome the presumption that trial counsel's decisions were made in the exercise of sound trial strategy. *See id.*; *Jaynes v. State*, 216 S.W.3d 839, 855 (Tex. App.–Corpus Christi 2006, no pet.); *see also Mercado*, 2009 Tex. App. LEXIS at *14 (citing *Lopez v. State*, 838 S.W.2d 758, 759 (Tex. App.–Corpus Christi 1992, no pet.)) (holding that to forego requesting a lesser-included-offense instruction in favor of seeking a full acquittal on the charged offense is a reasonable trial strategy and therefore not ineffective assistance of counsel). We overrule Lozano's fourth issue.

## II. Conclusion

Having overruled all issues, we affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the 4th
day of February, 2010.