Donald Ray FOSTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–97–00070–CR.

Court of Appeals of Texas,
Tyler.

April 28, 1998.

Discretionary Review Refused
Sept. 16, 1998.

---

Ebb B. Mobley, Longview, for appellant.

C. Patrice Savage, Longview, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

PER CURIAM.

Donald Ray Foster ("Appellant") appeals his jury conviction of aggravated robbery and aggravated sexual assault. The jury assessed his punishment at ninety-nine years and life imprisonment, respectively, to run concurrently. Appellant has assigned two points of error. We will affirm.

The sufficiency of the evidence is not in question. So the first point of error may be viewed in context, we will give a brief rendition of the facts. In May of 1996, after the sixty-six-year-old complainant entered her trailer through the back door, Appellant sud-denly and unexpectedly followed her and, under threat of violence, sexually assaulted her. Afterwards, while holding a knife to her throat, Appellant forced the victim to give him her money, jewelry, and other items. Before leaving, he threatened to return and kill her husband and her if she notified the authorities. The complainant positively identified Appellant. Appellant was subsequently arrested in Dallas. DNA and other evidence conclusively proved Appellant's guilt.

In his first point of error, Appellant contends that the trial court committed fundamental error when it failed to charge the jury concerning whether the offenses occurred in a criminal episode. A single indictment charged Appellant with both aggravated robbery and aggravated sexual assault arising out of a criminal episode. Neither the indictment nor the charge to the jury defined or applied the facts to what constituted a criminal episode.

The charge at the guilt/innocence phase required a finding of guilty or not guilty on both the aggravated sexual assault and the aggravated robbery and separate punishments. No objection was made to the indictment or the charges as given. Appellant maintains that the court's failure, both to define "criminal episode" and to instruct the jury that the State is required to prove beyond a reasonable doubt that the events occurred in one criminal episode, allowed the State to enjoy the benefits of misjoinder. We disagree.

"Criminal episode" is statutorily defined as "[T]he commission of two or more offenses, regardless of whether the harm is directed or inflicted upon more than one person or item of property, under the following circumstances: (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan...." TEX.PEN.CODE ANN. § 3.01 (Vernon Supp. 1994). In 1987, the Texas Penal Code was amended permitting a defendant to be prosecuted in a single trial for all offenses arising out of the same criminal episode. TEX.PEN.

CODE ANN. § 3.02(a) (Vernon Supp.1993);[1] See *Letson v. State*, 805 S.W.2d 801, 803–4 (Tex.App.—Houston [14th Dist.] 1990, no pet.). In *Letson*, the court determined that the defendant could be prosecuted in the same indictment on two counts of assault and that two punishments were proper if the jury was instructed to return a verdict on each count of the indictment submitted and separate verdict forms were submitted. This is what occurred in the present case.

■ Since this is alleged charge error which was not objected to, Appellant must demonstrate that the error in the charge was so egregious that it created a harm which deprived him of a fair and impartial trial. He cannot simply show that the error was calculated to injure his rights. *Almanza v. State*, 686 S.W.2d 157, 171–72 (Tex.Cr.App. 1985). In the present case, Appellant actually benefitted from one charging instrument in that he did not receive consecutive sentences and was required to undergo only one trial. Appellant had a right to separate trials if he had elected a severance pursuant to Section 3.04 of the Texas Penal Code.[2] Appellant did not exercise that right prior to trial. If the Appellant had decided to sever and ask for separate trials on these offenses, in all probability the facts of the other offense would have been admissible as background contextual evidence also known as *res gestae*. In addition, he would have been faced with the possibility of stacked sentences. In considering the provisions of Chapter 3 defining when defendants can be prosecuted for two or more offenses and Appellant's right of severance, we hold it is not necessary to give a definition and a charge on whether the offenses charged occurred during a common episode unless the defendant requests such a charge and there is at least some evidence which would negate the offenses occurred during a common episode as defined in Section 3.01 of the Texas

Penal Code. Thus, under the facts of this case and following the reasoning of *Almanza*, we do not believe that if there was error, it was so egregious that it created a harm that deprived Appellant of a fair and impartial trial. Point of error one is overruled.

In point of error number two, Appellant complains that the trial court erred by allowing the jury to take notes for use during their deliberation. Prior to the presentment of the indictment, the trial court gave the following instructions:

> You may be seated. Ladies and gentlemen, I see a few of you have some note pads. And there is nothing wrong with your taking notes during these proceedings. However, those notes must be for your own personal use. You cannot share those notes with any other juror, particularly during your deliberations. It would be improper for you to say, well, I remember it because I've got it written here, because the official record of these proceedings is from the Court Reporter. At this time, the accused will rise. Present the indictment. Listen as the indictment is read.

Appellant made no objection, but complains on appeal that this instruction did not conform with the admonishments required in *Price v. State*, 887 S.W.2d 949, 954 (Tex.Cr. App.1994) and *Johnson v. State*, 887 S.W.2d 957, 958 (Tex.Cr.App.1994). In *Price*, the court suggested that trial judges should give certain precautionary admonishments to the jury concerning note-taking. The court found the trial judge should: (1) determine if juror note-taking would be beneficial in light of the factual and legal issues to be presented at trial; (2) inform the parties, prior to voir dire, that jurors would be permitted to take notes; (3) admonish the jury at the time it is impaneled; and (4) instruct the jury in the jury charge as to the proper use of its

---

1. **§ 3.02. Consolidation and Joinder of Prosecutions**
   (a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode.

2. **§ 3.04. Severance**
   (a) Whenever two or more offenses have been consolidated or joined for trial under Section

3.02, the defendant shall have a right to a severance of the offenses.
   (b) In the event of severance under this section, the provisions of Section 3.03 do not apply, and the court in its discretion may order the sentences to run either concurrently or consecutively.

notes during deliberation. *Price,* 887 S.W.2d at 954–55.

The Court of Criminal Appeals has held that in order to preserve a complaint about jurors' note-taking, a timely objection must be made. *Shannon v. State,* 942 S.W.2d 591, 596 (Tex.Cr.App.1996). In *Mata v. State,* 939 S.W.2d 719 (Tex.App.—Waco 1997, no pet.), the defendant had argued the trial court's failure to follow the admonishments set forth in *Price* regarding note-taking by jurors constituted an abuse of discretion as the requirements of Price were mandatory. The Court held that because the defendant did not object at any point during the trial to the jurors' note-taking, he failed to preserve his complaint for review. *Id.* at 726.

The record in the present case does not reveal whether any jurors actually took notes or whether they utilized those notes in their deliberations. We refuse to speculate as to facts not included in the record. *See Hubbard v. State,* 892 S.W.2d 909, 910 (Tex. Cr.App.1995). Absent this evidence, because Appellant failed to object, and because the trial judge substantially complied with the Court of Criminal Appeals' admonishments in *Price,* we hold that Appellant suffered no harm. Appellant's second point of error is overruled.

The judgment of the trial court is *affirmed.*