Opinion issued January 5, 2006

















In The
Court of Appeals
For The
First District of Texas
 

 
 
NOS. 01-04-00521-CR
          01-04-00558-CR
____________
 
ANDRE PHEA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 39,974 (Counts one and two)
 

 
 
O P I N I O N
          A jury found appellant, Andre Phea, guilty of sexual assault of a child


 and
indecency with a child by contact


 and sentenced him to 10 years community
supervision and a $10,000 fine for each offense. In four points of error, appellant
contends that the trial court erred in allowing improper demonstrative evidence, in
submitting an improper criminal-episode charge, and in allowing an unduly
prejudicial demonstration by the State. Appellant further argues that the evidence
was legally and factually insufficient to support the verdict. We affirm.  
Background
          In May of 2000, the 14-year-old complainant


 was in a car with A. P.,
appellant’s daughter, and appellant. The complainant, who was wearing loose shorts
and a t-shirt, was seated in the back seat on the passenger side, and appellant’s
daughter was in the front passenger seat. While driving, appellant reached back and
touched the complainant on the leg. The complainant thought little of appellant
rubbing her leg with his hand as he stated that he was looking for a compact disc. 
They stopped at a Racetrac gas station in Pearland with many rows of pumps. 
Appellant asked A. P. to get out and go pay for the gas. After A. P. got out of the car,
appellant turned around and started talking to the complainant. Appellant began
rubbing up and down her leg with his right hand. Appellant then stuck his hand up
her shorts inside her panties and touched her vagina. Appellant then inserted his
fingers inside her vagina. Appellant removed his fingers from her vagina as A. P.
approached the car. After A.P. came back, appellant pumped the gas. Appellant then
took the complainant to her home. The following day at school, the complainant told
A. P. what had happened. 
Improperly Admitted Evidence
          In points of error one and three, appellant argues that the trial court erred in
allowing the State to “conduct a demonstration before the jury by walking and
counting seconds in the courtroom when the conditions were not substantially similar
to the facts” and such a demonstration unduly biased the jury.
Standard of Review
          An objection to the admission of evidence must be specific enough to apprise
the trial court of its legal basis. Tex. R. App. P. 33.1(a)(1); see also Williams v. State,
930 S.W.2d 898, 901 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d.) (stating that
general objection insufficient to preserve error). Appellant’s complaint on appeal
must be the same as his objections at trial to preserve the error. Johnson v. State, 803
S.W.2d 272, 292–93 (Tex. Crim. App. 1990). “When admitting evidence, the trial
judge does not sua sponte engage in balancing the probative value against the
prejudice, but does so only upon sufficient objection invoking Rule 403 by the party
opposing admission of the evidence.” Long v. State, 823 S.W.2d 259, 271 (Tex.
Crim. App. 1991). 
          It is proper to allow a witness “to demonstrate before the jury so as to make
more plain and clear her testimony.” Lewis v. State, 486 S.W.2d 106, 106 (Tex. Crim.
App. 1972). The trial court has discretion on whether demonstrations should be
permitted. Ginther v. State, 672 S.W.2d 475, 477 (Tex. Crim. App. 1984). While
demonstrations must be conducted under similar conditions, “the conditions need not
be identical as dissimilarities affect the weight and not the admissibility of the
evidence.” Cantu v. State, 738 S.W.2d 249, 255 (Tex. Crim. App. 1987). Our
evaluation should not intrude upon the fact finder’s role as the sole judge of the
weight and credibility given to any witness’s testimony. Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997). 
Analysis
          Appellant’s counsel asked A. P. how long her father was out of sight when she
went to pay for the gas. She replied, “A matter of seconds. A couple of seconds.” On
cross-examination, the prosecutor attempted to clarify her testimony as follows: 
State: So, he handed you the cash, and you got out of the car. Did
you run?
 
A.P.: No. 
 
State: You walked?
 
A.P.: (Witness nods.) 
 
State: Okay. Count one one thousand for me. 
 
A.P.: One one thousand, two one thousand, three one thousand,
four one thousand, . . . fourteen one -- 

          Appellant’s counsel: Your Honor, I object for any continuation of this.
There has been no testimony as to how fast she walked,
how far she walked, whether she was going around a desk. 
He’s traveling at the only speed he wants to go to
manipulate this demonstration.
 
Court: I’ll overrule. 
 
State: Stop right there. At that point you handed the money to the
cashier, and you talked to her?
 
A.P.: I told her what number the money was going to on the–in
the–on the pumps to the gas. 

          . . . 
 
          State:           Okay. Let’s say that took at least three seconds [to talk to the
cashier]. So, what did you stop at 12 or 13 when I got over here?
 
          A.P.:            Twelve, I think.
 
          State:           Okay. Let’s say - - start back up at 15. I’m going to turn around.
 
          A.P.:            Fifteen one thousand, sixteen one thousand . . .twenty-one one
thousand - -
 
          State:           Okay. You can stop right there. So, it would be safe to say that
you - - you weren’t looking at that car for at least 20 to 30
seconds, right, at the very minimum?
 
          A.P.:            That’s right.

Appellant argues that “the proper demonstration would have been for the prosecutor
to allow the witness to count the seconds it took her to walk from the car to the
cashier and back, by demonstrating her own walking pace and timing.” 
          We hold that the trial court did not abuse its discretion in allowing the
demonstration. The dissimilarities between the State’s demonstration and the actual
event affect the weight of the evidence and not its admissibility. See Cantu, 738
S.W.2d at 255. Furthermore, appellant’s counsel had an opportunity to redirect and
ask questions to clarify the demonstration or even conduct his own demonstration
illustrating how dissimilar the State’s demonstration and the actual event really were. 
He failed to do so. Appellant fails to cite to any additional authority or evidence in
the record that compels us to come to conclude that this demonstration unfairly biased
the jury.
          We overrule points of error one and three.
Jury Charge
          In point of error two, appellant argues that the trial court erred by not including
all essential elements or terms in the court’s charge to the jury, “specifically by not
defining the term criminal episode in the charge or asking the jury to determine if a
criminal episode occurred since the indictment . . . included a paragraph stating that
the two counts in the indictment constituted a criminal episode.” After the allegations
in Count One (sexual assault of a child) and Count Two (indecency with a child by
contact) were stated, the indictment read, “And the Grand Jurors aforesaid, upon their
oaths aforesaid, in said County and State, do further present in and to said Court that
the offenses set out in Counts ONE AND TWO, above constitute a ‘criminal episode’
as that term is defined in Section 3.01 of the Texas Penal Code.”
Standard of Review 
          The Texas Code of Criminal Procedure states that the trial judge shall provide
the jury with a written charge and the defendant “shall present his objections thereto
in writing, distinctly specifying each ground of objection” and the “objections may
embody errors claimed to have been committed in the charge, as well as errors
claimed to have been committed by omissions.” Tex. Code Crim. Proc. Ann. art
36.14 (Vernon Supp. 2005). 
Analysis
          Here, appellant did not object to the trial court’s failure to include the
definition of “criminal episode” in the charge. Appellant complains that the
indictment used the criminal episode language and that it was not later defined in the
charge, leaving the jury confused.
          “It is not necessary to give a definition and a charge on whether offenses
occurred during a common episode unless the defendant requests such a charge and
there is at least some evidence which would negate the offenses occurred during a
common episode as defined in Section 3.01 of the Texas Penal Code.” Foster v.
State, 976 S.W.2d 732, 734 (Tex. App.—Tyler 1998, no pet.). Appellant requested
no such charge and has presented no evidence to negate that the offenses occurred
during a common episode. Accordingly, we hold that the trial court did not err in
failing to define “criminal episode.” 
          We overrule point of error two.
Sufficiency
          In point of error four, appellant argues that the evidence was legally and
factually insufficient to support the verdict.
Standard of Review 
          When conducting a legal-sufficiency review, we view the evidence in the light
most favorable to the verdict to determine whether any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.—Houston [1st Dist.] 1997, no pet.). Although a legal-sufficiency analysis
entails a consideration of all evidence presented at trial, we may neither re-weigh the
evidence nor substitute our judgment for the jury’s. King, 29 S.W.3d at 562. 
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof—beyond a reasonable doubt—could not have been met. See Zuniga
v. State, 144 S.W.3d 477, 483 (Tex. Crim. App. 2004).
          We must also employ appropriate deference so that we do not substitute our
judgment for that of the fact finder. See id. at 482. Our evaluation should not intrude
upon the fact finder’s role as the sole judge of the weight and credibility given to any
witness’s testimony. Cain, 958 S.W.2d at 407. Because it turns on an evaluation of
credibility and demeanor, it is within the province of the fact finder to determine what
weight to give contradictory testimonial evidence. Id. at 408–09. The fact finder is
entitled to judge the credibility of the witnesses and may choose to believe all, some,
or none of the testimony presented. Id. at 407.
Analysis
          At trial, the State had to prove that appellant committed indecency with a child
by contact and sexual assault of a child in 2000. The complainant testified that, in
May 2000, she was with appellant. While in his car, appellant rubbed her left leg with
his right hand. Appellant then stuck his hand up her shorts, inside her panties, and
touched her vagina—indecency with a child by contact. Appellant then inserted his
fingers into her vagina—sexual assault of a child. Appellant removed his fingers
from her vagina when appellant’s daughter was approaching the car. When the
evidence is viewed in a light most favorable to the verdict, a rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
          It is within the province of the fact finder to determine the weight of any 
contradictory evidence. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App.
1986). Appellant contends that there were contradictions in the complainant’s
testimony. He points to the complainant’s admission on cross-examination that she
failed to include all of the facts that she testified to in court in her initial statement to
the police. A.P also claims that, when the complainant told her of the incident the
next day at school, the complainant did not tell her any details of how appellant
touched her. Appellant also disputes the complainant’s claims that she never returned
to his home after the incident. There was also some discrepancy over whether the
complainant lived with her mother or a relative at the time of the incident. Finally,
appellant contends that the complainant’s testimony revealed “a physical
improbability in that it is extremely unlikely that the appellant would have been
physically able to make a turn around in the driver seat to be able to place his hand
and finger up the shorts and into the vagina.” The jury elected to believe the
complainant’s testimony and chose to reconcile any discrepancies in that testimony
in her favor. See id. Accordingly, we hold that the evidence is legally and factually
sufficient to support appellant’s conviction.
          We overrule point of error four.

Conclusion
 
          We affirm the judgment of the trial court. 


                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Publish. Tex. R. App. P. 47.2(b).